FILED by _PG_ D.C.

MAR 3 1 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 13-CV-24381-UU

**EDWARD SANTANA,**

     Plaintiff,

                                 *JURY TRIAL DEMANDED*

v.

**CAROLINA BBQ BRICKELL, LLC**
**d/b/a BROTHER JIMMY'S BBQ**

     Defendant.

_____/

### PLAINTIFF'S VERIFIED MOTION TO DISQUALIFY
### JUDGE URSULA UNGARO PURSUANT TO 28 U.S.C. § 455(a) and (b)(1)

**COMES NOW, Pro Se** Plaintiff, EDWARD SANTANA (hereinafter **"Plaintiff"**), who files this Motion to Disqualify Trial Judge Ursula Ungaro pursuant to 28 U.S.C. § 455 (a) and 28 U.S.C § 455 (b)(1) and respectfully requests that this motion be granted and as grounds would state the following:

### BACKGROUND -SANTANA VS. KENDALL CR, LLC

1. **On August 3, 2011**, the Plaintiff filed a lawsuit against KENDALL CR, LLC d/b/a CADILLAC RANCH KENDALL (Case No. 11-CV-22794-UNGARO/TORRES) in this Court alleging FLSA violations consisting of unpaid wages, invalid tip pool and retaliation (Note: Plaintiff paid the filing fee of $350.00 and simultaneously filed a motion/application to proceed in *forma pauperis*).

2. **On August 3, 2013**, the Plaintiff filed an "Application to proceed in District Court without prepaying fees or costs." (See **"Exhibit A."**)

3. **On August 8, 2011,** Judge Ungaro signed an ORDER granting the Plaintiff's Motion/Application to proceed in *Forma Pauperis*. (See *"Exhibit B").*

4. **On August 8, 2011,** the Plaintiff filed a Motion to release filing fee funds. (See *"Exhibit C"*).

5. **On August 11, 2011,** Judge Ungaro signed a paperless ORDER which stated: "Setting Initial Planning and Schedule Conference for 10/14/2011 at 9:30 A.M. in Miami Division before Judge Ursula Ungaro… Joint Scheduling Report due by 9/30/2011." [**See D.E. 8**].

6. **On August 15, 2011,** Judge Ungaro signed an **ORDER** granting the Plaintiff's Motion to Release Funds [Filing Fee]. (See *"Exhibit D"*).

7. **Shortly after,** Judge Ungaro granted the Plaintiff's "Motion to Release Funds," Defendant filed a Motion for Fraud on the Court allegedly because the Plaintiff was not truly indigent. Defendant's intent was to prejudice Judge Ungaro against the Plaintiff and Plaintiff belives that the Defendant's counsel achieved her goal. (See *D.E. 17*).

8. **On September 22, 2011,** Plaintiff filed his Rule 26(a)(1) disclosures. **(See D.E. 20)**

9. **On September 30, 2014,** the Plaintiff and Defendant filed a Joint scheduling Report. (See *"Exhibit E"*).

10. **On September 30, 2014,** Judge Ungaro signed an Order directing the Plaintiff to "…Re-file a Motion to proceed in *Forma Pauperis* no later than October 5, 2011." (See *"Exhibit F"*).

11. **On October 3, 2011,** Plaintiff re-filed a Motion to Proceed in *Forma Pauperis*. Furthermore, Plaintiff requested an in camera hearing to

disclose the confidential settlement proceed(s) he received because he feared that if he disclosed the confidential settlement amount(s), it would be a breach of contract and he would be ultimately sued. (See **"Exhibit G"**)

12. **On October 4, 2011,** Judge Ungaro signed an Omnibus ORDER **[D.E. 29]** denying Plaintiff's *In Camera* Review (Hearing). Furthermore, Judge Ungaro ordered the Plaintiff to re-file a new application to proceed in *Forma Pauperis* by October 5, 2011 which disclosed the Plaintiff's confidential settlement agreement(s) proceed(s). It is absurd that Judge Ungaro would order the Plaintiff to re-file a new application to proceed in *Forma Pauperis* within one day without proper and sufficient notice (See **"Exhibit H"**)

13. **On October 5, 2011,** Plaintiff filed a "...Motion for Extension of Time to Pay Filing Fee..." The Plaintiff filed the Motion for Extension of Time to Pay filing fee without knowledge that Judge Ungaro issued the Omnibus ORDER on October 4, 2011. Furthermore, Plaintiff was not receiving electronic notifications from the Court and it would have been impossible for the Plaintiff to had received or have knowledge that Judge Ungaro issued an ORDER on October 5, 2011 Upon informations and belief, the Judge's ORDER was issued late in the afternoon on October 4, 2011 and it would have been impossible for the Plaintiff to have received it at home while he was at the Courthouse on October 5, 2011. Most notably, the Plaintiff did not receive the Judge's ORDER until a few days after October 4, 2011. (See **"Exhibit I"**).

14. **On October 6, 2011,** Judge Ungaro falsely, defamatorily and prejudicially accused Plaintiff of **"wantonly disregarding"** the Court's ORDER on October 4, 2011. Judge Ungaro signed an ORDER dismissing the Case because the Plaintiff allegedly **"...**failed[failing] to respond in a timely fashion to **D.E. 29,** the Plaintiff has **wantonly disregarded** a Court Order." (See *"Exhibit J").*

15. **On October 11, 2014,** Plaintiff filed a "Motion to Re-Open Case" explaining that Judge Ungaro's assessment of the facts were erroneous. (See *"Exhibit K"*).

16. **On October 14, 2011,** Judge Ungaro signed an Order granting the Plaintiff's Motion to reopen the case. (See *"Exhibit L"*)

17. **On November 1, 2011,** Plaintiff filed an Unopposed Motion to Appoint Magistrate to conduct an early mediation so that the parties could secure a just, speedy and inexpensive determination of the case. (See *"Exhibit M"*).

18. **On November 2, 2011,** Judge Ungaro referred the Plaintiff's Motion to Appoint Magistrate to Conduct an Early Mediation to U.S. Magistrate Judge Edwin Torres that he could "take all necessary and proper action as required by law." (See *Exhibit N"*)

## BACKGROUND –SANTANA VS. DORAL CAROLINA ALE HOUSE, LLC

19. **On June 6, 2012,** Plaintiff filed a lawsuit against Doral Carolina Ale House, LLC (Case No. 12-CV-22139-UU) and simultaneously filed an Application/Motion to Proceed in District Court without Prepaying Fees or Costs.

20. **On June 21, 2012,** Plaintiff borrowed money to pay the filing fee because he was growing impatient since Judge Ungaro **STILL** had not ruled on his Application/Motion to Proceed in *Forma Pauperis* despite it being on the docket for over two weeks.

21. **On June 28, 2012,** Judge Ungaro signed an ORDER denying Plaintiff's Application/Motion to Proceed in *Forma Pauperis* and stated *"A trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915. This is especially true, the rubric goes, in civil cases for damages, wherein the courts should grant the privilege sparingly."* Id. (*Quoting Flowers v. Turbine Support Div.*, 507 F. 2d 1242, 1244 (5th Cir. 1975))... the Court finds he has failed to meet the above criterion for proceeding in *forma pauperis.* Plaintiff's affidavit lists an income over the last twelve months of $33,700 with $30,000 from settlements in previous lawsuits (Plaintiff has filed seven lawsuits in the Southern District of Florida in the last two years, including the instant action. Of these, three remain pending). While Plaintiff lists $43,000 in liabilities, $33,000 of this is vaguely described as "other." The Court is not persuaded that Plaintiff has met the standard of poverty required to proceed in *forma pauperis." (See* **Exhibit O").**

22. **On July 5, 2012,** Plaintiff filed a **"Notice of Unavailability"** for the dates of August 10, 2014 thru September 10, 2014 because was going to move to Naples, Florida with his wife and two daughters.(See ***"Exhibit P"***)

23. **On July 9, 2012,** Judge Ungaro signed an ORDER "setting initial planning and scheduling conference. Scheduling conference set for

9/14/2012 at 10:30 A.M... Joint Scheduling Report due by 8/31/2012."

(See **D.E. 9**)

24. **On July 12, 2012,** Judge Ungaro signed an ORDER denying Plaintiff's

Notice of Unavailability. In her ORDER Judge Ungaro stated "The parties

have nearly a month to prepare this report in advance of Plaintiff's

scheduled absence and the Court does not see cause why the report

cannot be timely filed." Judge Ungaro prejudicially denied the Plaintiff's

Notice of Unavailability. In support, Plaintiff was able and available to

prepare the Joint Scheduling report prior to his unavailability dates of

August 10, 2012 thru September 10, 2012 and still have been present for

the scheduling conference set for September 14, 2014. Judge Ungaro's

ORDER did not make any sense and was only calculated to further

prejudice and inconvenience the Plaintiff. (See **"Exhibit Q"**)

25. **On July 17, 2012,** Plaintiff filed a similar motion in this instant case that

he had filed November 1, 2011 in the case of **_Santana vs. Kendall CR,_**

**_LLC_**. The motion was titled "Plaintiff's Expedited Motion to Appoint

Magistrate Judge to Conduct Mediation." Plaintiff filed this motion

because the parties were trying to secure a just, speedy and inexpensive

determination of the case before the discovery process commenced. (See

**"Exhibit R"**)

26. **On July 18, 2012,** Judge Ungaro signed an ORDER denying the

"Plaintiff's Expedited Motion to Appoint Magistrate Judge to Conduct

Mediation." Judge Ungaro stated in her ORDER... "While the Court

encourages the parties to engage in settlement negotiations, Plaintiff's

desire to avoid discovery is not good cause to compel an early mediation."

Judge Ungaro's ORDER was calculated to prejudice the Plaintiff and to thwart a possible settlement for the Plaintiff. Most notably, Judge Ungaro in essence granted the same exact motion that the Plaintiff filed in the case of *Santana vs. Kendall CR, LLC.* where the parties engaged in a settlement conference shortly after. (See *"Exhibit S"*)

## BACKGROUND –SANTANA VS. CAROLINA BBQ BRICKELL, LLC

27. **On December 4, 2013,** Plaintiff filed a lawsuit against the Carolina BBQ Brickell.

28. **On December 23, 2013**, Judge Ungaro signed an **ORDER:** "Setting initial Planning and Scheduling Conference… Joint Planning and Scheduling Report due by 2/14/2014, Initial Planning and Scheduling Conference set for 2/28/2014 10:00 A.M…"

29. **On January 24, 2014,** Judge Ungaro signed an ORDER of Instructions to Pro Se Litigant. The Order stated: "The Plaintiff has no counsel to assist in the discovery process. Attention is therefore drawn to Fed. R. Civ. P. 26 (a), which states the various forms of discovery available in civil cases. **The Plaintiff is instructed that the Court will not grant any motion by a *pro se* Plaintiff to take depositions**, but will otherwise permit reasonable, relevant discovery by the methods described in the Federal Rules of Civil Procedure." (See *"Exhibit T"*).

30. **On February 12, 2014**, the parties timely filed their Joint Scheduling and Discovery Report which was due on February 14, 2014.

31. **On February 27, 2014,** Judge Ungaro's law clerk called the parties to cancel the Initial Planning and Scheduling Conference which was set for February 28, 2014 10:00 A.M.

32. **On March 6, 2014,** Judge Ungaro signed an ORDER denying Plaintiff's Motion to Amend Complaint to add an additional party and a count of Retaliation under Title VII. More specifically, Judge Ungaro stated in her Order that "There are no allegations contained in the proposed Third Amended Complaint that illustrate how Elmalem's alleged statements had a materially adverse effect on Plaintiff or harmed the Plaintiff in any way." Furthermore, the ORDER stated that "the operative complaint is the Second Amended Complaint and **no further amendments will be permitted.**" (See **"Exhibit U"**)

33. **On March 18, 2014,** Plaintiff filed a "Notification of Ninety Days Expiring" because this Court never issued the Scheduling Order despite the Judge's Law Clerk informing the Plaintiff on or around February 27, 2014 that she was going to type up the Scheduling Order and have it out to the parties sometime between March 3, 2014 and March 7, 2014.

34. **On March 26, 2014,** forty two (42) days after the Parties submitted their Joint Scheduling report and twenty six (26) days after the canceled Initial Planning and Scheduling Conference, Judge Ungaro finally issued the Scheduling Order.

## ANALYSIS

35. **On or around October 4, 2011,** Plaintiff was wronged and prejudiced by Judge Ungaro in the case of **Santana v. Kendall CR, LLC** when the Plaintiff had to pay the filing fee of $350.00 despite the Plaintiff being truly indigent. (See **"Exhibit V"**).

36. **On or around October 6, 2011,** Plaintiff was wronged and prejudiced when Judge Ungaro dismissed the case of **Santana vs. Kendall CR, LLC**

where she erroneously and falsely accused the Plaintiff of **"wantonly disregarding"** the Court's Order on October 4, 2011. Plaintiff never received the Judge's Order on October 6, 2011 which was mailed out to the Plaintiff on October 5, 2011. Not only was this a short notice to the Plaintiff, the turn-around time of one (1) day for the Plaintiff to respond to the Judge's Order was way too short.

37. **On June 28, 2012,** Plaintiff was wronged and prejudiced by Judge Ungaro when she arbitrarily and prejudicially denied the Plaintiff's application/motion to proceed in *forma pauperis twenty two (22) days* after the Plaintiff filed suit against the defendant, despite the plaintiff being truly indigent, (See **"Exhibit W"**) **Martinez v. Kristi Kleaners, Inc.**, 364 F.3d 1305, 1307 (11th Cir. 2004). In addition, the Plaintiff has filed two (2) similar applications/motions to proceed in *forma pauperis* in the Middle District of Florida: **Santana vs. Tommy Bahama R&R Holdings, Inc. (Case No. 13-CV-281-Chappell)** and **Santana vs. Rimaco Corp (Case No. 13-CV-204-DNF)** and these indigent applications/motions to proceed in **forma pauperis** have been granted by those two Judges; (See **"Exhibit X"). Plaintiff has provided his tax returns for the years of 2010, 2011 and 2012** (See **"Exhibit Y"**).

38. **On July 12, 2012,** Plaintiff was wronged and prejudiced by Judge Ungaro when she denied the Plaintiff's Notice of Unavailability in the case of **Santana vs. Doral Carolina Ale House, LLC**. In addition, in the case of **Santana vs. Red Robin International, Inc.** Judge Joan Lenard did not deny Plaintiff's notice of unavailability for the same exact dates of unavailability. **(**See **"Exhibit Z"**)

39. **On July 18, 2012,** Plaintiff was wronged and prejudiced by Judge Ungaro when she prejudicially denied the Plaintiff's Expedited Motion to Appoint a Magistrate Judge to Conduct Mediation (Settlement Conference) in the case of **Santana vs. Doral Carolina Ale House, LLC** despite Judge Ungaro essentially granting the same exact motion in the case of **Santana vs. Kendall CR, LLC.** and referring it to Magistrate Judge Edwin Torres. In addition, Plaintiff was **NOT** trying to avoid discovery by filing the above mentioned motion. Plaintiff was only trying to secure a just, speedy, and inexpensive determination of that proceeding pursuant to Rule 1 of the Federal Rules of the Civil Procedure.

40. **On January 24, 2014,** Plaintiff was wronged and prejudiced by Judge Ungaro in this instant case, when she prevented the Plaintiff from deposing the Defendant's witnesses and stated in her ORDER/Pro Se Instructions to the Plaintiff that she would **not grant any motions by the Plaintiff to take depositions**. Judge Ungaro **NEVER** articulated in her Order/Instructions why she was preventing the Plaintiff from deposing the Defendant's witnesses. Judge Ungaro cannot prove any of the elements set forth below in Federal Rule 26 (b)(2)(C)(i) to (iii) to permit this Court from preventing or limiting the Plaintiff from engaging in discovery. Plaintiff needs to depose the Defendant's witnesses for obvious reasons and to defeat the Defendant's summary Judgment motion. By Judge Ungaro preventing the Plaintiff from engaging in depositions, she is placing the Plaintiff at a disadvantage and assisting the Defendant to prevail in this action.. Furthermore, Defendant has listed a bevy of witnesses in his Initial Disclosures. (See **"Exhibit 1"**)

41. Federal Rule 26 (b)(2)(C)(i) to (iii) permit a court to limit discovery if the court finds that: **(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; **(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or **(iii)** the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the cases, the amount in controversy, the parties' resources, the importance of the issues at state in the action, and the importance of the discovery in resolving the issues.

42. Furthermore, *Rule 30* of the Federal Rules of Civil Procedure states that when a deposition may be taken... (2) *With Leave*. A party must obtain leave of court, and the **court must grant leave consistent with Rule 26(b)(2):**

   (A) If the parties have not stipulated to the deposition and:

   (i)  the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;

   (ii) the deponent has already been deposed in the cases; or

   (iii) the party seeks to take the deposition before the time specified in Rule 26(d)...; or

   (B) if the deponent is confined in prison.

43. The Defendant is obviously not concerned about discovery expenses as it evidenced by their attempt to take the Plaintiff's deposition via **VIDEO TAPE.** (See *"Exhibit 2"*).

44. In addition, on or around March 7, 2014, one of the Defendant's owners Jonathan Vilma informed the Plaintiff that he had **"Millions of Dollars.**

45. **On March 6, 2014,** Judge Ungaro wronged and prejudiced the Plaintiff when she denied the Plaintiff's absolute right to Amend his complaint solely because there were **"**no allegations contained in the proposed Third Amended Complaint that illustrate how Elmalem's alleged statements had a materially adverse effect on Plaintiff or harmed the Plaintiff in any way.**"** This is flawed because the Plaintiff could have been given another opportunity to amend his complaint to include the harm or injuries the Plaintiff suffered as a direct result of Elmalem's statements (i.e., lost wages, loss of capacity of enjoyment of life, back pay, mental anguish including embarrassment, humiliation, personal inconvenience and emotional distress. Plaintiff arrived at Defendant's place of business to seek employment. If this Court takes a look at the Defendant's tenth (10) affirmative defense in their answer to the Plaintiff's complaint, it states that "Carolina BBQ Brickell states that to the extent that Plaintiff has failed to minimize his alleged damages, for example, **failing to seek other employment (with Carolina BBQ Brickell** and/or other entities)…" Plaintiff was doing just that, seeking employment with the Defendant. **Does the Plaintiff have to be arrested at the Defendant's restaurant to sustain harm or injuries from Elmalem's statements and/or actions?**

46. **On or around March 17, 2014**, the Plaintiff was prejudiced and wronged when Judge Ungaro did not promptly issue the Scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure where Rule 16(b)(2) states: The Judge **must issue the Scheduling Order** as soon as

practicable, but in any event **within the earlier of** 120 days after any Defendant has been served with the complaint **or 90 days after any Defendant has appeared.** In this instant case, as of March 17, 2014, the 90 days had elapsed since the Defendant had appeared in this case. This Court obviously knew through the Plaintiff's Joint Scheduling Report that he had a desire to have an expeditious resolution to this case and this Court intentionally delayed the issuance of the Scheduling Order.

47. Furthermore, there have been A bevy of cases that were filed **AFTER** December 4, 2013, the date the Plaintiff filed this instant lawsuit against the Defendant, where Judge Ungaro has already issued the Scheduling Order. For example, in the case of <u>Velez vs. TFC Partners, Inc</u>. **(Case No. 13-cv-24414-UU),** the case was commenced on December 9, 2014 and Judge Ungaro issued the Scheduling Order on January 14, 2014. In <u>Pines Nursing Home (77), Inc. vs. Rehabcare Group, Inc</u>. **(Case No. 14-cv-20039-UU)** the case was commenced on January 6, 2014 (nearly one month after the Plaintiff in this instant case filed his lawsuit) and Judge Ungaro issued the Scheduling Order on March 12, 2014. In <u>Schnitzer vs. Carnival Corporation</u> **(Case No. 13-cv-24436-UU)** the case was filed on December 10, 2014 and the Scheduling Order was issued before March 11, 2014. In <u>Gerberg vs. Enterprise Leasing Company of Florida, LLC</u> **(Case No. 13-62649-UU)** and <u>State Farm Mutual Automobile Insurance Company vs. B&A Diagnostic, Inc. et al</u> <u>**(Case No. 13-cv-24393-UU)**</u> these cases were filed December 5, 2014 and December 6, 2014, respectively and the Scheduling Orders were issued before March 11, 2014. (See *"Exhibit 3"*)

## MEMORANDUM OF LAW

48. According to Congress and the U.S. Supreme Court case law, a Judge must bow out of hearing any case in which his or her impartiality might be reasonably questioned. Judges must avoid all impropriety and appearance of impropriety. "The test for impropriety is whether the conduct would create in reasonable minds a perception that the Judge's ability to carry out judicial responsibilities with integrity, impartiality and competence."

49. "*The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law.*" See **Marshall vs. Jerrico Inc.**, 446 US 238, 100S.Ct.1610, 64 L. Ed. 2d 182 (1980).

50. Disqualification is required if an objective observer would entertain reasonable questions about the Judge's impartiality. If a Judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the Judge must be disqualified (emphasis added). See **Liteky vs. U.S**., 114 S. Ct. 1147, 1162 (1994).

51. Courts have repeatedly held that positive proof of the partiality of a Judge is not a requirement only the appearance of partiality. See **Liljeberg vs. Health Services Acquisition Corp**., 486 U.S. 847, 108 S. Ct. 2194 (1988) (What matters is not the reality of bias or prejudice but its appearance); Section 455 (a) is directed against the appearance of partiality, whether or not the Judge is actually biased. See **United States vs. Balistrieri**, 779 F.2d 1191 (7th Cir. 1985).

52. Section 455 (a) of the Judicial code, 28 U.S.C. § 455 (a), is not intended to protect litigants from actual bias in their Judge but rather to promote public

confidence in the impartiality of the judicial process and it requires a Judge to recuse herself in any proceeding in which her impartiality might be reasonably be questioned. See **Taylor vs. O'Grady**, 888 F. 2D 1189 (7TH Cir. 1989).

53. In **Pfizer Inc. vs. Lord**, 456 F. 2D 532 (8TH Cir. 1972), the Court stated that **"it is important that the litigant not only receives justice, but that he believes he has received justice."**

54. The Judge has a legal duty to disqualify herself even if there is no motion asking for his Disqualification. The seventh Court of Appeals further stated that "we think that this language 455(a) imposes a duty on the Judge to act Sua Sponte, even if no motion or affidavit is filed." **Balistrieri** at 1202.

55. The Supreme Court has also held that if a Judge wars against the constitution, he has engaged in treason to the constitution. If a Judge acts after she has been automatically disqualified by law, then she is acting without jurisdiction, and we suggest that she is acting without jurisdiction, and we suggest that she is then engaging in criminal acts of treason, and may be engaged in extortion and the interference with interstate commerce.

56. Whenever a party to any proceeding files a motion for disqualification stating that the Judge has a personal bias or prejudice either against him or in favor of any adverse party, such Judge shall proceed no further therein, but another Judge be assigned to hear such proceeding. See **U.S. vs. Hernandez**, 109 F.3d 1450 (9th Cir 1997) and **U.S. vs. Manning**, 56 F. 3D 1188, 1196 (9TH Cir. 1995). And she shall also disqualify herself where she has a personal bias or prejudice concerning a party or personal bias

or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding.

57. The neutrality requirement helps to guarantee that life, liberty or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law. Federal Courts have a constitutional obligation to safeguard personal liberties and to uphold Federal Law. See **Stone vs. Powell**, 428 U.S. 465, 483 N. 35, 96 S.Ct. 3037, 49 L. Ed. 2d 1067 (1967).

58. The **Supreme Court** has said "where a litigant alleging conduct and statements on the part of a trial judge which, if true, shows bias and prejudice or the appearance of bias or prejudice on the part of the trial Judge, it is an abuse of discretion if that Judge does not withdraw from the case, even though he or she believes the statements are false or that the meaning attributed to them by the party seeking recusal is erroneous. In such a case, the Judge should not pass upon the truth or the falsity of the facts alleged in the motion, but only upon the adequacy of the motion as a matter of law."

59. The Supreme Court went on to say "Once facts have been set forth that create a reasonable inference of a **'bent of mind'** that will prevent the Judge from dealing fairly with the party seeking recusal, it is incumbent upon the trial Judge to recuse herself." See **People vs. Botham**, 629 P. 2d 589, 595 (Colo.1981).

## CONCLUSION

60. For all the above mentioned reasons, the Plaintiff has good reason to believe that Judge Ungaro cannot hear the above case in a fair and impartial manner especially after she has foreclosed the Plaintiff's right to depositions and to amend his pleadings. As a result, Judge Ungaro cannot be fair and impartial especially during the summary judgment phase.

61. Based on Judge Ungaro's past and present personal animus, bias and prejudice against the Plaintiff, including but not limited to her procedural errors on rulings of Motions and Orders that she has been involved in the Plaintiff's past cases and in this instant case, displays a deep seated favoritism, antagonism, pervasive bias and/or prejudice that would make fair judgment impossible and which is also required for recusal.

62. Judge Ungaro has knowingly and purposefully deprived the Plaintiff of his constitutional and due process rights in the past and the present cases. Thus the Plaintiff fears he will not receive fair and impartial hearings and/or rulings in this instant case or future proceedings.

63. Plaintiff fears that Judge Ungaro will be biased and/or prejudicial against the Plaintiff and not the neutral decision maker that she should be.

64. Based on the previous unfavorable and unprofessional encounters between Judge Ungaro and the Plaintiff in the past cases and this instant case the Plaintiff is respectfully requesting that Judge Ungaro disqualify herself from presiding over this case.

65. Plaintiff believes that there is a witch hunt against the Plaintiff from Judge Ungaro and other Judges in this District including but not limited to Judge Marcia Cooke. For example, in **Santana vs. Cibo Wine Bar LLC,** four (4) days after the parties attended a settlement conference and no settlement

was reached, Judge Marcia Cooke issued an ORDER to show cause stating that **"Since 2002, Plaintiff (Edward Santana) has filed over fifteen FLSA cases in the Southern District of Florida, eight of which were filed in the past two years... and Plaintiff shall show cause why he has not violated Rule 11(b)..."** (See *"Exhibit 4"*).

66. Judges like Marcia Cooke and Ursula Ungaro have prejudiced and harassed the Plaintiff for being litigious despite other litigants in this very same Court filing just as many other cases or more cases than the Plaintiff without being harassed or prejudiced by this Court or District. For example, Jose Prado has filed **SIXTY (60) LAWSUITS** in this Court since September 14, 2011 in a span of 2.5 years. Plaintiff has filed Thirteen (13) Lawsuits in this Court since August, 2010 [approximately 4 years]. (See *"Exhibit 5"*)

67. Based on the facts mentioned above, the Plaintiff truly believes that an objective, disinterested lay observer fully informed of the facts underlying the grounds on which this disqualification is sought would entertain a significant doubt about Judge Ungaro impartiality and integrity. Plaintiff has presented the facts of this case to other attorneys for review and they have stated "she definitely has it out for you", "she obviously hates you", "I have never heard of a Pro Se litigant not being able to depose witnesses", "the prejudice against you is getting progressively worse with every case you have with her" and "I cannot see her being fair and impartial in the summary judgment phase."

68. Under an abuse-of-discretion standard, Judge Ungaro has made clear errors of judgment, and/or has applied the wrong legal standards in this instant case and/or past cases involving the Plaintiff.

69. It is the Plaintiff's belief that Judge Ungaro stands united with a Defendant who throughout this litigation, has sought to portray itself as the hapless victim of a litigious Plaintiff gone awry. It is no coincidence, that several Brother Jimmy BBQ restaurants were just recently sued (February 26, 2014) by one of their cooks, Heder Roman Huerta-Ibarra, (N.Y. SD Case No. 14-01272-Failla) for **"Wage Theft."** (*See "Exhibit 6"*)

70. It is Plaintiff's belief that Judge Ungaro has exhibited conduct that is reprehensible and has acted intentionally, in bad faith, and for oppressive reasons including but not limited to the disrespect and rudeness she has shown the Plaintiff in the past cases and this instant case.

71. Plaintiff hopes and prays that this Court will find this Motion for Disqualification to be legally sufficient. The Plaintiff does not want to have to appeal any erroneous rulings by this Court or file a civil action for Judge Ungaro's failure to recuse herself.

**I SOLEMNLY SWEAR** that the foregoing facts are true, correct, and complete, so help me God, and I certify, as indicated above, that this motion to disqualify is made in good faith.

*Dated this 31st day of March, 2014.*

Respectfully Submitted,

Edward Santana
P.O. BOX 836631
MIAMI, FL 33283
(305) 975-0839

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **31st day of March, 2014** a true and correct copy of the foregoing was filed with the Clerk of Court and mailed to the Defendant's Counsel Joel Magolnick located at 3001 S.W. 3RD Avenue, Miami, Florida 33129.

Edward Santana

EXHIBIT

A

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
## for the

EDWARD . SANTANA                          )
_____Plaintiff/Petitioner_____    )
                                          )     Civil Action No.
v.                                        )
Kendall CR, LLC                           )
_____Defendant/Respondent_____    )

FILED by ____ D.C.

AUG 0 3 2011

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. — MIAMI

## 11-CV-22794-UNGARO/TORRES

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____ .
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name.  I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:


My gross pay or wages are:  $ _____O_____ , and my take-home pay or wages are:  $ _____O_____ per
(specify pay period)    N/A_____ .

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply):*

| | | |
|---|---|---|
| (a) Business, profession, or other self-employment | ❏ Yes | ☒ No |
| (b) Rent payments, interest, or dividends | ❏ Yes | ☒ No |
| (c) Pension, annuity, or life insurance payments | ❏ Yes | ☒ No |
| (d) Disability, or worker's compensation payments | ❏ Yes | ☒ No |
| (e) Gifts, or inheritances | ❏ Yes | ☒ No |
| (f) Any other sources | ❏ Yes | ☒ No |

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4. Amount of money that I have in cash or in a checking or savings account:  $ ___140.00___ .

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

N/A. Title of my car was signed over to Bond insurance company.

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:

$ 1,040.00 Rent Payment - monthly
$ 80.00  Electricity Bill
$ 50.00  Water  Bill
$ 60.00  Phone   Bill

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

Alaynna. Greenman - Daughter -
Alyssa. Brown  . - Daughter -

I contribute to their housing. I pay for all their housing needs

8. Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

$16,000 in credit card Bills and other Deliquent Accounts.

*Declaration:*  I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: 8/3/2011

_____
*Applicant's signature*

EDWARD   SANTANA
*Printed name*

EXHIBIT

B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 11-22794-CIV-UNGARO

EDWARD SANTANA,

      Plaintiff,

v.

KENDALL CR, LLC, d/ba CADILLAC
RANCH ALL AMERICAN BAR & GRILL,

      Defendant.

_____/

## ORDER ON MOTION TO PROCEED *IN FORMA PAUPERIS*

THIS CAUSE is before the Court upon Plaintiff's Motion to Proceed *In Forma Pauperis.*

(D.E. 3.)

THE COURT has considered the Motion and the relevant portions of the record and is

otherwise fully advised in the premises.  Accordingly,  it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion (D.E. 3) is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this 7th day of August, 2011.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

EXHIBIT

C

(1" from top of page, and centered, begin title of Court)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 11-22794 -CV- UNGARO

(Judge's Last Name/Magistrate's Last Name)

EDWARD SANTANA

_____

_____

(Full Name of Plaintiff/s) ,

    Plaintiff (s)

vs. Kendall CR, LLC

D/B/A CADillac Ranch

All American Bar and Grill

(Full Name of Defendant/s),

    Defendant(s).

_____/

FILED by _____ D.C.

AUG 0 8 2011

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## MOTION TO Release Filing Cost Funds of $350.00
### TITLE OF DOCUMENT

I, EDWARD SANTANA _____ [plaintiff or defendant], in the above styled

cause, Respectfully Requests This Court to Release

his filing fee cost of $350.00. plaintiff

PRAys that this Court enter an Order

granting this Motion to Release the Filing

fee funds of $350.00 As the Plaintiff

is currently unemployed And does not have

any money left in his Bank Account due to

payment of this filing fee.

_8 / 8 / 2011_
Dated: Month, day, year

Respectfully submitted,

EDWARD. SANTANA
Name of Filer

_____
Attorney Bar Number *(if applicable)*

eSantana44@ YAhoo.com
Attorney E-mail Address *(if applicable)*

_____
Firm Name *(if applicable)*

9041 Sw 122 Ave #203
Street Address

Miami, FL 33186
City, State, Zip Code

Telephone: (305) 764 - 0906

Facsimile: _____

_____
Attorneys for Plaintiff/Defendant *[Party Name(s)]*
*(if applicable)*

## Certificate of Service

   **I hereby certify** that a true and correct copy of the foregoing was served by EDWARD SANTANA (CM/ECF) [specify method of service] on 8/8/2011 [date]

on all counsel or parties of record on the Service List below.

E. Santana
Signature of Filer

# EXHIBIT

# D

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

Case No.: 11-22794-CIV-UNGARO

EDWARD SANTANA,

      Plaintiff,

v.

KENDALL CR, LLC, d/ba CADILLAC
RANCH ALL AMERICAN BAR & GRILL,

      Defendant.

_____/

### ORDER ON MOTION TO RELEASE FUNDS

THIS CAUSE is before the Court upon *Pro Se* Plaintiff's Motion to Release Funds.
(D.E. 7.)

THE COURT has considered the Motion and the relevant portions of the record and is
otherwise fully advised in the premises.  On August 3, 2011, Plaintiff file a Motion to Proceed
*In Forma Pauperis* (D.E. 3), which the Court granted (D.E. 6.)  However, Plaintiff also filed a
filing fee.  In the instant motion, Plaintiff requests that the Clerk refund the fee (D.E. 5.)
Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion (D.E. 7) is GRANTED.  The
Clerk of Court is directed to refund Plaintiff his filing fee.

DONE AND ORDERED in Chambers at Miami, Florida, this 15th day of August, 2011.

*Ursula Ungaro*

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

EXHIBIT

E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 11-CIV-22794-UNGARO

EDWARD SANTANA,

       Plaintiff,

vs.

KENDALL CR, LLC,
d/b/a Cadillac Ranch All American Bar & Grill,

       Defendant.

_____/

## JOINT SCHEDULING REPORT

Pursuant to Local Rule 16.1.B of the United States District Court for the Southern District of Florida, and this Court's Order dated August 11, 2011 (D.E. 8), the parties hereby file their Joint Scheduling Reports.[1]

    1.    **A plain statement of the nature of the claim and any counterclaims, cross-claims, or third-party claim, including the amount of damages claimed and any other relief sought.**

        Plaintiff asserts claims pursuant to the Fair Labor Standards Act ("FLSA"), including claims relating to minimum wage and retaliation. Defendant denies Plaintiff's claims and his entitlement to any relief.

    2.    **A brief summary of the facts which are uncontested or which can be stipulated to without discovery.**

        a.    Plaintiff was employed as a server for Defendant from approximately June

---

[1] Defendant prepared the typed scheduling report and submitted it to Plaintiff. Plaintiff then provided a hand-written version of a Joint Scheduling Report to Defendant, which is attached hereto as Exhibit A. Defendant does not agree with Plaintiff's version, except to the extent that it comports with Defendant's version.

-1-

20378957.1

27, 2011 to July 22, 2011.

b.    Defendant is engaged in "interstate commerce" for purposes of the FLSA.

c.    Defendant is an "enterprise" pursuant to 29 U.S.C. § 203(r) of the FLSA.

d.    Venue is proper in the Southern District of Florida.

e.    Jurisdiction is conferred on the Court by 28 U.S.C. §§ 1337 and 29 U.S.C. § 216(b).

3.    **A brief summary of the issues as presently known.**

a.    Whether Santana was properly paid as a tipped employee.

b.    Whether Santana was required to work "off the clock."

c.    Whether Santana can establish a prima facie case of retaliation under 26 U.S.C. § 215(a)(3).

d.    If Plaintiff can establish a prima facie case of retaliation, did Defendant have a legitimate, non discriminatory business reason for his termination.

e.    Whether there is after-acquired evidence warranting termination of Plaintiff.

f.    If Defendant violated the FLSA, whether the Defendants acted in good faith and with reasonable grounds for believing that the Defendant was not acting in violation of the FLSA, within the meaning of 29 U.S.C. §260.

g.    Whether Santana mitigated his alleged damages at all, and if so, the amount of such mitigation.

h.    Whether the Defendant's violation was willful.

i.    Whether an award of liquidated damages against Defendant would be appropriate and, if so, in what amount.

j.    If Santana prevails, whether he is entitled to compensatory damages, and if so, in what amount.

k.    Whether Santana is entitled to back pay, and if so, in what amount. ·

l.     Whether Santana can meet the requirements of a collective action, including whether he can adequately represent a purported collective action.

4.     **Whether discovery should be conducted in phases or limited to particular issues.**

No.

5.     **A detailed schedule of discovery for each party.**

The parties have exchanged initial disclosures and propose the following discovery deadlines:

a.     All fact discovery shall be completed by March 1, 2012.

b.     Plaintiff to identify its expert(s) by January 1, 2012. Defendant to identify its expert(s) by February 1, 2012. All expert discovery shall be completed by April 1, 2012.

6.     **Proposed deadlines for joinder of other parties and to amend the pleadings, to file and hear motions and to complete discovery.**

The parties propose the following deadlines:

a.     Joinder of other parties (including opt-in and certified classes) shall be completed by November 1, 2011.

b.     All pleadings shall be amended by November 1, 2011.

c.     All motions dispositive and otherwise shall be filed and heard by May 1, 2012.

d.     Discovery shall be completed as set forth in number 5 above.

e.     Mediation to be completed by March 15, 2012.

f.     Joint Pretrial Stipulation shall be filed by May 15, 2012

7.     **Proposed approximate dates for final pre-trial conferences and trial.**

a.     No later than October 2012 for Final Pretrial Conference.

20378957.1

     b.     No later than November 2012 for Trial.

8.     **The projected time necessary for trial and a statement of whether the case is jury or non-jury trial.**

     Plaintiff estimates the jury trial will take 3-4 days, while Defendant estimates this case will require 5 days for jury trial.

9.     **A list of all pending motions, whether each motion is "ripe" for review, the date each motion became ripe, and a summary of the parties' respective positions with respect to each ripe motion.**

     None.

10.     **Any unique legal or factual aspects of the case requiring special consideration by the Court.**

     Defendant believes this case may benefit from periodic case management conferences.

11.     **Any potential need for references to a special master or magistrate.**

     Defendant agrees that discovery matters can be referred to the Magistrate Judge, but Plaintiff prefers all motions be handled by the District Court Judge.

12.     **The status and likelihood of settlement.**

     The parties will continue to explore the possibility of settlement.

13.     **Such other matters as are required by Local Rule 16.1(B) and as may aid the Court in setting the case for status or pretrial conference and in the fair and expeditious administration and disposition of this action.**

     None at this time.

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in

the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

CARLTON FIELDS, P.A.
*Attorneys for Defendant*
100 Southeast Second Street, Suite 4200
Miami, FL 33131
Telephone:   (305) 530-0050
Facsimile:   (305) 530-0055

By:___*/s/ Kristy M. Johnson*____
        Kristy M. Johnson
        Florida Bar No. 144282

## SERVICE LIST

Edward Santana
9041 SW 122 Avenue, Apt. 203
Miami, FL 33186
Telephone: (305) 764-0906
E-mail: esantana44@yahoo.com

20378957.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-CV-22794-UNGARO

EDWARD SANTANA,
        PLAINTIFF,
VS.
KENDALL CR, LLC
d/b/a CADILLAC RANCH ALL
AMERICAN BAR AND GRILL,
        DEFENDANT,

## JOINT SCHEDULING REPORT

PLAINTIFF AND DEFENDANT, PURSUANT TO RULE 16.1 OF THE LOCAL RULES FOR THE SOUTHERN DISTRICT OF FLORIDA AND THE COURT'S 8/10/2011 ORDER, FILE THIS JOINT SCHEDULING REPORT.

## 1. PLAIN STATEMENT OF CLAIM

PLAINTIFF BRINGS THIS ACTION UNDER THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq. (THE "ACT") AGAINST DEFENDANT FOR MINIMUM WAGE VIOLATIONS UNDER THE PROVISIONS OF 29 U.S.C. §216(b) AND FOR RETALIATION.
    DEFENDANT DENIES PLAINTIFF'S CLAIMS AND HIS ENTITLEMENT TO ANY SUCH RELIEF.

## 2. SUMMARY OF UNCONTESTED FACTS

PLAINTIFF WORKED FOR DEFENDANT AS A SERVER.

## 3. MOTIONS

1) MOTION TO DISMISS FOR FRAUD ON THE COURT, AND OTHER RELIEF
2) MOTION TO DISMISS OR STRIKE FOURTH CAUSE OF ACTION AND IMPROPER DAMAGES REQUEST.
3) MOTION TO PROCEED IN FORMA PAUPERIS

## 4. Detailed Schedule of Discovery

   This Case does not need to deviate from the STANDARD track.
   A. THE following sets forth each party's detailed schedule of discovery. The parties anticipate that additional discovery will be conducted and scheduled throughout the discovery period. Additionally, within 30 days of the submittal of this Report, the parties will exchange initial documents and witness lists in accordance with LOCAL RULE 16.1.B, subsections 1 and 4, and will continue to update and exchange witness lists as more information regarding the instant action is obtained.
   I. Plaintiff's Schedule of Discovery — Plaintiff anticipates taking the Depositions of Defendants Representatives AND ALL witnesses identified by Defendant as having Knowledge or information relevant to the Subject matter of the instant action. Additional discovery including, but not limited to interrogatories, Requests for production of documents, and requests for Admissions will and/or have been propounded on Defendant by Plaintiff.
   II. DEFENDANT'S SCHEDULE OF DISCOVERY — DEFENDANT ANTICIPATES TAKING the Depositions of PLAINTIFF AND ALL witnesses identified by PLAINTIFF As having Knowledge or information Relevant to The subject matter of THE Instant Action. ADDITIONAL Discovery including, But NOT Limited to Interrogatories, Requests For production of DOCUMENTS, and Requests FOR Admissions will and/or have been propounded on Plaintiff by Defendant.
   B. TIME FOR DISCOVERY — SEE BELOW
   C. ADDITIONAL PARTIES — The parties do not believe that there are any other additional parties for this CASE

## 5. ANTICIPATED TIME AND LENGTH OF TRIAL
   This CASE Should Be placed upon The STANDARD TRACK. AT This Time, The parties Agree That This CASE Will NOT Require The USE of THE Manual on COMPLEX LITIGATION.
   Plaintiff anticipates trial should take 3-4 days.
   Plaintiff has Requested a Jury TRIAL
## 6. UNIQUE LEGAL/FACTUAL ISSUES
   NONE
## 7. PROPOSAL FOR THE FORMULATION AND SIMPLIFICATION OF ISSUES

Plaintiff shall meet before the Court ORDERED PRETRIAL Conference to discuss any PROPOSALS for the formulation and simplification of issues.

8. OTHER MATTERS TO AID COURT

NONE AT THIS TIME

9. DISCUSSION OF THE LIKELIHOOD OF SETTLEMENT

The parties will explore and continue to explore the possibility of settlement.

10. Referral TO MAGISTRATE JUDGE "NO MAGISTRATE"

Plaintiff prefers A U.S. DISTRICT JUDGE TO decide ALL MOTIONS, ALL OTHER Pretrial MOTIONS & JURY TRIAL ON merits

11. DATES                     EVENT

11/01/11        JOINDER OF Parties/amendments of pleadings
11/15/11        Furnish Fact witness LIST
1/01/11         Plaintiff ID Expert
2/01/11         Defendant ID Experts
3/01/11         END FACT Discovery
3/15/11         END MEDIATION
4/01/11         END Expert Discovery
5/01/11         END Dispositive pretrial motions including
                MOTIONS IN LIMINE
5/15/11         Joint Pretrial Stipulation
10/01/11        Pretrial Conference

TBD             FIRST DAY OF
                TRIAL JURY instructions

                        Respectfully Submitted,
                        Edward Santana
                        EDWARD - SANTANA
                        9041 SW 122 Ave #20J
                        MIAMI, FL 33186
                        (305) 764 - 0906
                        esantana44@yahoo.com

# EXHIBIT

# F

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No: 11-civ-22794-UNGARO

EDWARD SANTANA

Plaintiff - *pro se*,

vs.

KENDALL CR, LLC,
d/b/a Cadillac Ranch All American Bar & Grill,

Defendant.

_____/

## ORDER ON MOTION TO DISMISS FOR FRAUD ON THE COURT

THIS CAUSE is before the Court on Defendant Kendall CR, LLC's Amended Motion to

Dismiss Plaintiff's Complaint for Fraud on the Court.  (D.E. 17).  THE COURT has considered the

Motion and the pertinent portions of the record, and it otherwise fully advised in the premises.

Defendant moves to dismiss under 28 U.S.C. § 1915 (e) and the Court's inherent power.

The Court takes in turn the Defendant's alternate grounds for moving to dismiss.

### Section 1915

In *Camp v. Oliver*, 798 F.2d 434 (11th Cir. 1986), the Eleventh Circuit held that a district

court abused its discretion when it decided to dismiss with prejudice a case filed by a plaintiff

proceeding *in forma pauperis* under §1915.   In its opinion, the Court expressed its agreement with

other Circuit Courts, who have viewed "dismissal with prejudice in the context of *section 1915* as

an extreme sanction to be exercised only in appropriate cases." Id. at 439.   It also bears noting that

the *Camp* Court emphasized its concern with the district court's decision to dismiss the case

automatically upon the discovery that the plaintiff had funds in his prison account.  The Court

cautioned against making such a peremptory move on the common sense grounds that "[n]ot every

inaccuracy in an affidavit of poverty, no matter how minimal, should be construed as a false

allegation of poverty so as to cause loss of *in forma pauperis* eligibility and dismissal of the

complaint." Id. at 438, fn.3.

Here, Plaintiff admits making several inaccurate statements regarding his financial

standing. (D.E. 23). Plaintiff further explains that his erroneous answers were based upon his

honest "misunderstanding" of the questions asked in the *in forma pauperis* application form, and in

no way were made "to intentionally defraud the court." (Id.).

Given that dismissing a case under §1915 is contemplated for cases in which the *in forma

pauperis* party has demonstrated bad faith, *Camp*, supra, at 438, the Court does is not persuaded

that the Plaintiff's errors here constitute grounds for the "extreme sanction" that the Defendant

seeks. However, the Court is convinced that Plaintiff must re-file a new motion to proceed *in

forma pauperis*. The Court further cautions the Plaintiff to give accurate responses to each of the

questions in the application that accompanies this motion.

### Inherent Discretionary Power

Defendant also moves for the Court to dismiss the case under the Court's inherent

discretionary power. (D.E. 17). Here, Defendant cites *Chambers v. NASCO, Inc.*, in which the

Supreme Court held that "[t]here is, therefore, nothing in the other sanctioning mechanisms or

prior cases interpreting them that warrants a conclusion that a federal court may not, as a matter of

law, resort to its inherent power to impose attorney's fees as a sanction for bad-faith conduct." 501,

U.S. 32, 50 (1991). However, the *Chambers* Court also went on to note that "when there is bad-

faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the

court ordinarily should rely on the Rules rather than the inherent power." Id.

In the instant case, Defendant offers numerous allegations that the Plaintiff has made factual contentions that lack evidentiary support.  Yet, in both the Defendant's instant Motion and Reply Motion (D.E. 25), Defendant fails to rely upon the path laid in the Federal Rules of Civil Procedure for addressing such allegations.  Since Plaintiff's response to the instant Motion shows that some question exists as to whether the Plaintiff acted in bad faith when completing the *in forma pauperis* application, the Court is not moved to rely upon its discretionary powers to dismiss the case.  However, the Court's unwillingness to dismiss the case now under the Court's discretionary power does not prevent Defendant from moving for sanctions under F. Rule Civ. Pr. Rule 11 if appropriate.[1]

### Conclusion

For the reasons herein stated, it is hereby

ORDERED AND ADJUDGED (1) that Defendant's Motion is DENIED;   (2) that Plaintiff's Motion to Proceed *In Forma Pauperis* (D.E. 3) and the Court's order granting Plaintiff's Motion (D.E. 6) are hereby STRIKEN; (3) that Plaintiff shall re-file a Motion to Proceed *In Forma Pauperis* no later than October 5, 2011.

DONE AND ORDERED in Chambers at Miami, Florida, this __ day of September, 2011.

_____

UNITED STATES DISTRICT JUDGE

copies provided: Edward Santana, *pro se*; counsel of record

---

[1] The Court's ruling here is not to suggest that Defendant is not equally bound by Rule 11 or any other Rule of Federal Civil Procedure.

# EXHIBIT

# G

AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
## for the

EDWARD SANTANA
_____
*Plaintiff/Petitioner*

Kendall CR, LLC
_____
*Defendant/Respondent*

d/b/a Cadillac Ranch All American Bar and Grill

)
)
)
)
)
)

Civil Action No. 11-CV-22794-UU

**FILED by ___ D.C.**

**OCT 03 2011**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____.
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:



My gross pay or wages are: $ _____0_____ , and my take-home pay or wages are: $ ____0____ per

*(specify pay period)* _____ .

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

| | | | |
|---|---|---|---|
| (a) Business, profession, or other self-employment | ☒ Yes | ☐ No | |
| (b) Rent payments, interest, or dividends | ☐ Yes | ☒ No | |
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ☒ No | |
| (d) Disability, or worker's compensation payments | ☐ Yes | ☒ No | |
| (e) Gifts, or inheritances | ☐ Yes | ☒ No | |
| (f) Any other sources | ☒ Yes | ☐ No | |

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

I Do Not expect Anything in the future
I Am Requesting An in camera hearing and/or telephonic
evidentiary hearing if necessary to Disclose settlements
Received within the PAST 12 months.

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4.  Amount of money that I have in cash or in a checking or savings account:  $ _350.00_ .

5.  Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value):* THE title OF my CAR was signed over to A Bond Insurance company As collateral. THE VALUE OF THE CAR IS APPROXIMATELY $15,000 - $18,000. I DO NOT OWN Real Estate, Stock, Bond, Security Trust, Jewelry, Art work OR other Financial instrument or thing of value

6.  Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense):*

$1040.00   Rent
$ 101.50   Electricity Bill
$ 45.00    WATER Bill
$ 75.00    Phone Bill

$250.00   Insurance
$ 500 - $800   Food
$ 200 - $250   Gasoline
undetermined clothing expense

7.  Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

I Support my two Daughter A.G. and A.B.
I Support my Fiancé DAWN Blum
I Also help my mother and Sister when I can.

8.  Any debts or financial obligations *(describe the amounts owed and to whom they are payable):*

$16,000.00  in credit CARD Bills AND other accounts.

*Declaration:*  I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date:  _10/3/2011_

_Edward Santana_
Applicant's signature

EDWARD SANTANA
Printed name

CADILLAC Ranch          $ 2,124.17
LONGHORN STEAKHOUSE     $ 250.00
BRIMSTONE               $ 250.00
Millers Ale House       $ 2,000.00
BONGOS Restaurant       $ 2,662.88
Shula's 347 Grill       $ 1,255.55

APPX. $ 8,542.60

I have also received several settlements from some of the above mentioned Restaurants. I am Requesting an in camera Hearing to Disclose the confidential settlements received, if Necessary.

Despite me receiving several settlement proceeds within the past 12 months does not necessarily mean that I have money to expend on Litigation. I have used past settlement proceeds to pay Bills, support my two kids, (clothing, toys, etc.), my fiancé, help my mother, help my sister, Car expenses (Tires, Gas, Alignment, Brakes, oil change, fuel injection cleaning, etc,) car insurance and for a D.U.I Attorney.

EXHIBIT

H.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 11-22794-CIV-UNGARO

EDWARD SANTANA,

      Plaintiff,

v.

KENDALL CR, LLC, d/b/a CADILLAC
RANCH ALL AMERICAN BAR & GRILL,

      Defendant.

_____/

## OMNIBUS ORDER DENYING *IN CAMERA* REVIEW EXPEDITING RESPONSE TO PLAINTIFF'S MOTION

THIS CAUSE is before the Court upon the Plaintiff's Application to Proceed *in forma pauperis*, filed on October 3, 2011. (D.E. 28.)

THE COURT has considered the pertinent portions of the record and is otherwise fully advised in the premises. In the Application, Plaintiff notifies the Court that he seeks to disclose settlement amounts received over the past twelve months via an *in camera* hearing.

The Court declines to treat Plaintiff's settlement awards received over the past twelve months as confidential. "The operation of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir.2007) (internal citations omitted). Moreover, the Eleventh Circuit Court of Appeals has explained that "[o]nce a matter is brought before a court for resolution, it is no longer solely the parties' case, but is also the public's case ." *Brown v. Advantage Eng'g Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). The public's right of access is not absolute, but may only be overcome by a showing of good cause. *Id.*

Here, Plaintiff does not to attempt to show any reason that might satisfy the good cause requirement to keep the settlement amounts that he has received other the past twelve months confidential. This Court strongly respects the presumption in favor of open courts and will not shield FLSA settlement agreements from disclosure without particularly good cause. *See Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 646 (S.D.N.Y. 2011) (holding that "FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access"); *Dees v. Hydradry*, Inc., 706 F.Supp.2d 1227, 1242 (M.D. Fla.2010) ("[A] confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the 'private - public' rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute."); *Stalnaker v. Novar Corp.*, 293 F. Supp.2d 1260, 1264 (M.D. Ala. 2003) ("Absent some compelling reason, the sealing from public scrutiny of FLSA agreements between employees and employers would thwart the public's independent interest in assuring that employees' wages are fair and thus do not endanger the national health and well-being.").

Accordingly, it is

ORDERED AND ADJUDGED that (1) the Plaintiff's request to disclose the settlement amounts received over the past twelve months via an in camera hearing (D.E. 28) is DENIED; (2) Plaintiff is further ordered to re-file a new application to proceed *in forma pauperis* that conforms to the standards discussed above regarding disclosure of settlement agreements; (3) the deadline for Plaintiff's new application is October 5, 2011; (4) Defendant is hereby ordered to file any response to Plaintiff's re-filed Motion no later than Tuesday, October 11, 2011, **at 12 noon.**

DONE AND ORDERED in Chambers at Miami, Florida, this 4th day of October, 2011.

_Ursula Ungaro_

_____

UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record
Edward Santana, *pro se*

EXHIBIT

I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by CPA D.C.

OCT 05 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA – MIAMI

CASE NO.: 11-CIV-22794-UNGARO

EDWARD SANTANA
    PLAINTIFF,
VS.
KENDALL CR, LLC
d/b/a CADILLAC RANCH
ALL AMERICAN BAR and Grill,
    Defendant,

PLAINTIFF'S MOTION FOR EXTENSION OF TIME
TO PAY FILING FEE FOR THE INSTANT CASE

COMES NOW PLAINTIFF, EDWARD SANTANA, PRO SE and
Respectfully Requests This Court to GRANT A 30 Day
Extension to PAY The filing fee of $350.00 because
PLAINTIFF cannot afford it at this time and so that
he is not prejudiced

Respectfully Submitted
EDWARD SANTANA
9041 SW 122 Ave #203

CERTIFICATE OF SERVICE

I hereby Certify That the following was filed
in The Southern District Court on October 5, 2011 and
was mailed to Kristy JOHNSON.

EDWARD SANTANA

# EXHIBIT

# J

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 11-22794-CIV-UNGARO

EDWARD SANTANA,

      Plaintiff,

v.

KENDALL CR, LLC, d/ba CADILLAC
RANCH ALL AMERICAN BAR & GRILL,

      Defendant.

_____/

### ORDER DISMISSING CASE

THIS CAUSE is before the Court *sua sponte*.

THE COURT has considered the pertinent portions of the record and is otherwise fully advised in the premises.

On October 3, 2011, Plaintiff filed an Application to Proceed *in forma pauperis*. (D.E. 28.)  In the Application, Plaintiff motioned the Court that to disclose settlement amounts received over the past twelve months via an *in camera* hearing.

On October 4, 2011, the Court denied Plaintiff's Motion and ordered Plaintiff to file a new application in compliance with the Eleventh Circuit's disclosure standards.  Further, the Court ordered Plaintiff to re-file the new Application by October 5, 2011. (D.E. 29).

On October 5, 2011, Plaintiff filed a Motion , however it is unrelated to the Court's order in D.E. 29.  The Plaintiff's Motion (D.E. 30) asks for a 30-day extension to pay the filing fee.  In failing to respond in a timely fashion to D.E. 29, the Plaintiff has wantonly disregarded a Court Order.  Accordingly, it is hereby

ORDERED AND ADJUDGED that the instant case is DISMISSED.  All Motions are hereby terminated.  The Court will separately enter an administrative order closing this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 6th day of October, 2011.

UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record
Edward Santana, *pro se*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No.: 11-22794-CIV-UNGARO

FILED by _QBO_ D.C.

OCT 11 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

EDWARD SANTANA
   Plaintiff,

V.

Kendall CR, LLC, d/b/a Cadillac
RANCH ALL AMERICAN BAR AND GRILL
   DEFENDANT,

## PLAINTIFF'S MOTION TO RE-OPEN CASE

COMES NOW, Plaintiff EDWARD SANTANA, Pro Se, AND respectfully requests this court to REOPEN This Instant Case. ON SEPTEMBER 30, 2011 This Court ORDERED the Plaintiff to Re-file a MOTION TO proceed in forma pauperis no later than OCTOBER 5, 2011. ON OCTOBER 3, 2011 Plaintiff Did file another IFP application but requested an in camera hearing to disclose the confidential settlement monies received within the past year because he did not want to breach the settlement agreement contracts AND ultimately Be sued. ON OCTOBER 4, 2011 plaintiff seeked advice from an attorney who advised plaintiff to request some time to pay the filing from the court AND to Just "pay it" to avoid the problem of the IFP application. ON OCTOBER 5, 2011 plaintiff requested 30 DAYS to pay the filing fee. ON OCTOBER 4, 2011 the court mailed out an order denying his IFP application AND ordering plaintiff to disclose settlement amounts. Plaintiff did NOT receive this ORDER from the JUDGE (via mail) until after he filed his MOTION for Extension of time to pay filing fee. Plaintiff WOULD NOT INTENTIONALLY DISREGARD THE COURTS ORDER IF HE WOULD OF Received it before the close of Business on OCTOBER 5, 2011 AND before he filed his MOTION FOR A 30 DAY Extension TO pay the filing fee.

Plaintiff prays that this Court will reopen his case and/or not Dismiss this case with Prejudice as he did not Receive the Judge's order in a Timely Fashion.

Respectfully Submitted

Eduard Santana

## CERTIFICATE OF SERVICE

I Hereby Notify and Certify that The Following has been filed with The United States District Court on October 11, 2011 and mailed to All Attorney of Record.

Eduard Santana
9041 Sw 122 Ave #203
Miami FL 33186
(305) 264-0906



EXHIBIT

L

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 11-22794-CIV-UNGARO

EDWARD SANTANA,

     Plaintiff,

v.

KENDALL CR, LLC, d/ba CADILLAC
RANCH ALL AMERICAN BAR & GRILL,

     Defendant.

_____/

## ORDER ON MOTION TO REOPEN CASE

THIS CAUSE is before the Court upon Plaintiff's Motion to Reopen case (D.E. 34). THE

COURT has considered the pertinent portions of the record and is otherwise fully advised in the

premises.

On October 3, 2011, Plaintiff filed an Application to Proceed *in forma pauperis*. (D.E.

28.)   In the Application, Plaintiff motioned the Court that to disclose settlement amounts

received over the past twelve months via an *in camera* hearing.   On October 4, 2011, the Court

denied Plaintiff's Motion and ordered Plaintiff to file a new application in compliance with the

Eleventh Circuit's disclosure standards.   Further, the Court ordered Plaintiff to re-file the new

Application by October 5, 2011. (D.E. 29).   On October 5, 2011, Plaintiff filed a Motion that

was unrelated to the Court's order in D.E. 29.   In the instant Motion, Plaintiff asserts that he did

not receive the Court's order (D.E. 29) prior to deadline indicated therein.   Plaintiff explains that

the delay was due to the fact that the order was sent to him via the regular mail. *Id.*

The Court is persuaded by the Plaintiff's explanation.   Accordingly, it is hereby

ORDERED AND ADJUDGED that (1) Plaintiff's Motion to reopen the case is

GRANTED; (2) the instant case is REOPENED; (3) the parties Joint Planning and Scheduling

Order (D.E. 27) is deemed sufficient and does not need to be re-filed; (4) Plaintiff's motion for

an extension to pay the filing fee (D.E. 30), which is supported by Defendant (D.E. 31), is hereby

GRANTED; (5) the Planning and Scheduling conference set for October 14, 2011, is hereby re-

set for October 21, 2011, at 9:30 a.m.

DONE AND ORDERED in Chambers at Miami, Florida, this 13th day of October, 2011.

_____

UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record
Edward Santana, *pro se*

2



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CIV-22794-UNGARO

EDWARD SANTANA et al,
   PLAINTIFF,
VS.
KENDALL CR, LLC
d/b/a CADILLAC RANCH
ALL AMERICAN BAR AND GRILL,
   DEFENDANT

FILED by AJS D.C.

NOV 0 1 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA – MIAMI

## UNOPPOSED MOTION TO APPOINT MAGISTRATE TO CONDUCT MEDIATION AS COURT ORDERED

Plaintiff Respectfully Requests This Court To Appoint a Magistrate To conduct a mediation between the two above mentioned parties. Plaintiff would like to conduct a mediation as soon as possible as he feels that this case could be Resolved immediately and Amicably.

Respectfully Submitted,

EDWARD SANTANA
9041 SW 122 Ave #203
Miami, FL 33186
(305) 764-0906
esantana112271@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I ELECTRONICALLY filed the foregoing document with the Clerk of Court by filing it in person. I have mailed a true and correct copy to Attorney KRISTY JOHNSON ESQ at 100 SE 2nd Street, Suite 4200 Miami, FL, 33130

Respectfully Submitted

EDWARD SANTANA

EXHIBIT

N

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 11-22794-CIV-UNGARO

EDWARD SANTANA,

     Plaintiff,

v.

KENDALL CR, LLC, d/ba CADILLAC
RANCH ALL AMERICAN BAR & GRILL,

     Defendant.

                         /

### ORDER OF REFERENCE

     PURSUANT to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the

Southern District of Florida, the above-captioned Cause is referred to United States Magistrate

Judge EDWIN G. TORRES to take all necessary and proper action as required by law with

respect to the **Motion to Appoint Magistrate (D.E. 39)**, and any motions for extension or

enlargement of time that relate to such motion.  Pursuant to this referral order, it is also

     ORDERED AND ADJUDGED that it shall be the responsibility of the respective parties

in this case to note that courtesy copies of all materials necessary to the resolution of the referred

matters shall be directed to the magistrate judge's chambers.

Case 1:13-cv-24082-UU   Document 1   Entered on FLSD Docket 11/02/2011   Page 68 of 175

DONE AND ORDERED in Chambers at Miami, Florida, this _2d_ day of November,

2011.

_____

UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record
Magistrate Judge Torres

# EXHIBIT

O

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 12-22139-CIV-UNGARO

EDWARD SANTANA

      Plaintiff,

v.

DORAL CAROLINA ALE HOUSE, LLC
d/b/a CAROLINA ALE HOUSE

      Defendant.

_____/

## ORDER ON MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

_____THIS CAUSE is before the Court on Plaintiff's *pro se* Motion for Leave to Proceed *in forma pauperis*. (D.E. 3).

THE COURT, has reviewed the motion and the pertinent portions of the record and is otherwise fully advised of the premises.

United States Code Title 28, Section 1915(a) authorizes the filing of a suit "without prepayment of fees or security thereof, by a person who submits an affidavit . . . that the person is unable to pay such fees or give security thereof." 28 U.S.C. § 1915(a) (1996). A person may proceed *in forma pauperis* when, "because of his poverty, [he] is unable to pay for the court fees and costs, and to support and provide for the necessities of life for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "A trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915. This is especially

true, the rubric goes, in civil cases for damages, wherein the courts should grant the privilege sparingly." *Id.* (quoting *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)).

Accepting Plaintiff's statements on his affidavit as true, the Court finds he has failed to meet the above criterion for proceeding *in forma pauperis*. Plaintiff's affidavit lists an income over the last twelve months of $33,700, with $30,000 from settlements in previous lawsuits.[1] Plaintiff further states he has a balance of $1,841.60 in his checking account. While Plaintiff lists $43,000 in liabilities, $33,000 of this is vaguely described as "other." The Court is not persuaded that Plaintiff has met the standard of poverty required to proceed *in forma pauperis*. *See, e.g., Crim v. Manalich*, No. 2:09-cv-736-FtM-29SPC, 2011 WL 606543, at *2 (M.D. Fla. Feb. 11, 2011) (denying Plaintiff's *in forma pauperis* motion because Plaintiff failed to satisfy poverty requirement); Order Denying Plaintiff's Motion to Proceed *in Forma Pauperis, Santana v. Mercantil Commerce Bank, N.A.*, No. 11-23502-CIV-MORENO (S.D. Fla. Oct.4, 2011), ECF No. 4 (finding that Plaintiff Edward Santana did "not sufficiently meet the poverty threshold to proceed *in forma pauperis*"). Accordingly, it is

ORDERED AND ADJUDGED that the Motion (D.E. 3) is DENIED.

---

[1] Plaintiff has filed seven lawsuits in the Southern District of Florida in the last two years, including the instant action. Of these, three remain pending.

DONE AND ORDERED in Chambers at Miami, Florida, on this 28th day of

June, 2012.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Edward Santana, *pro se*

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
for the

EDWARD SANTANA
_____
Plaintiff/Petitioner

v.

DORAL CAROLINA ALE HOUSE, LLC
_____
Defendant/Respondent

)
)
)
)
)

Civil Action No. _____

FILED by _CH_ D.C.

JUN 07 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. OF FLA. – MIAMI

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:


My gross pay or wages are: $ ___0___ , and my take-home pay or wages are: $ __0__ per
*(specify pay period)*  N/A

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

|  |  |  |
|---|---|---|
| (a) Business, profession, or other self-employment | ☒ Yes | ☒ No |
| (b) Rent payments, interest, or dividends | ☐ Yes | ☒ No |
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ☒ No |
| (d) Disability, or worker's compensation payments | ☐ Yes | ☒ No |
| (e) Gifts, or inheritances | ☐ Yes | ☒ No |
| (f) Any other sources | ☒ Yes | ☐ No |

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*  I do NOT expect future payments.

(a) Employment income - $3,700.00

(f) Lawsuit settlements - $32,000.00 minus attorney fees and costs = $30,000.00

TOTAL $33,700.00

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4. Amount of money that I have in cash or in a checking or savings account: $ 1,841.60

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

I do NOT OWN ANY OL THE ABOVE mentioned
NO CAR, House (REAL ESTATE), etc.

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:

$ 1,115.00   Rent                         Food  $ 250.00
$ 100.00    electricity Bill            Grooming  $ 30.00
$ 45.00     WATER AND TRASH Bill   LAUNDRY  $ 30.00
$ 100.00    Phone Bills                 CABLE  $ 35.00

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

DAWN BLUM (WIFE) - I PAY FOR ALL THE BILLS (including Housing)
JEANNETTE SANTANA (SISTER) - I PAY FOR HER utility Bills AND Housing
AG (step Daughter) - I PAY FOR ALL of Their Housing Needs AND food
AB (step Daughter) - I PAY FOR ALL of Their Housing needs
                                                                AND FOOD

8. Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

I HAVE total LiABilities AND DeBts OF Approximately
$ 43,000  As Follows: motor vehicle (which I Do Not own Anymore)
                          $ 3,500
                          credit cards - $ 3,500
                          medical Bills - $ 3,000  other  $ 33,000

*Declaration:*  I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: _____

_____
Applicant's signature

EDWARD SANTANA
*Printed name*

# EXHIBIT

# P

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:12-CV-22139-UU



FILED by _____ D.C.

JUL - 5 2012

STEVEN M. LARIMORE
CLERK U S DIST. CT.
S. D. of FLA. — MIAMI

EDWARD SANTANA,
  PLAINTIFF
VS.
DORAL CAROLINA ALE HOUSE, LLC
d/b/a CAROLINA ALE HOUSE
  DEFENDANT

## PLAINTIFF'S NOTICE OF UNAVAILABILITY

   PLAINTIFF, EDWARD SANTANA, hereby gives notice that he will be absent from the JURISDICTION for the period of August 10, 2012 through and including September 10, 2012. PLAINTIFF respectfully requests that he be excused from responding to MOTIONS, NOTICES OR HEARINGS OF ANY SORT during the above Referenced time periods.

Dated: July 5, 2012

Respectfully Submitted,

EDWARD SANTANA
9041 SW 122 Ave #203
MIAMI, FL 33186
(786) 424 - 5701
esantana44@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of July, 2012, the foregoing was served by U.S. mail upon the following:

JOE MAROUF
263 BRIDGETON RD.
WESTON, FLORIDA 33326

# EXHIBIT

# Q

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 12-22139-CIV-UNGARO

EDWARD SANTANA

      Plaintiff,

v.

DORAL CAROLINA ALE HOUSE, LLC
d/b/a CAROLINA ALE HOUSE

      Defendant.

_____/

## ORDER ON NOTICE OF UNAVAILABILITY

THIS CAUSE is before the Court upon Plaintiff's "Notice of Unavailability." (D.E. 8).

THE COURT has considered the Notice[1] and is otherwise fully advised in the premises. In the Notice, *pro se* Plaintiff Santana represents that he will be "absent from the Jurisdiction" for one month between August 10, 2012 and September 10, 2012, and asks to be "excused from responding to motions, notices, or hearings of any sort during the above referenced time periods." (D.E. 8). On July 9, 2012, the Court entered its Order Setting Initial Planning and Scheduling Conference, requiring the parties to file a Joint Planning and Scheduling Report on or before August 31, 2012. (D.E. 9). The Court will not excuse Plaintiff from participating in the preparation and filing of this report on account of his absence from the district.

_____

[1] The Federal Rules of Civil Procedure do not provide for the fling of a "Notice of Unavailability." In the future, if Plaintiff seeks an extension of a time of a court deadline, he must file a timely motion for extension of that deadline.

The parties have nearly a month to prepare this report in advance of Plaintiff's

scheduled absence and the Court does not see cause why the report cannot be timely

filed.  Accordingly, it is

     ORDERED AND ADJUDGED that the request in the Notice (D.E. 8) that

Plaintiff be excused from responding to motions, notices, or hearings of any sort is

DENIED.

     DONE AND ORDERED in Chambers at Miami, Florida, on this 10th day of

July, 2012.

                              _____
                              URSULA UNGARO
                              UNITED STATES DISTRICT JUDGE

copies provided:
Edward Santana, *pro se*

EXHIBIT

R

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:12-CV-22139-UU

EDWARD SANTANA
     PLAINTIFF

VS

DORAL CAROLINA ALE HOUSE, LLC
d/b/a CAROLINA ALE HOUSE
     DEFENDANT

FILED by ___ D.C.

JUL 16 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. — MIAMI

PLAINTIFF'S EXPEDITED MOTION TO APPOINT
MAGISTRATE JUDGE TO CONDUCT MEDIATION

PLAINTIFF Respectfully Requests that this Court Appoint A
MAGISTRATE JUDGE TO CONDUCT A MEDIATION Between the ABOVE
mentioned PARTIES, AT THE COURT'S earliest convenience. In
ORDER to ASSIST in the management of The case and in AN
effort to foster its early AND cost effective Resolution for
All PARTIES including the Court, Plaintiff believes an early
mediation would be in the parties best interest before the
start of Discovery. Defendant's counsel has indicated to
the Plaintiff in AN email dated July 10, 2012 that his client
would Strongly like to settle this case. Such proposed
motion will cause No prejudice or HARDSHIP to the Defendant.
Plaintiff has contacted the Defendant in Regard to this motion
but the Defendant has NOT indicated its position on Plaintiff's
proposed motion. Plaintiff Strongly feels that this Court could
facilitate AN early Resolution to this case.

                              Respectfully Submitted,
                              Edward Santana
                              9041 SW 122 Ave #203
                              MIAMI, FL 33186
                              (786) 424-5701
                              esantana 44@ yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I personally filed the foregoing document with the CLERK OF COURT AND THAT THE FOREGOING document is being served on All counsel of Record VIA U.S. MAIL

## SERVICE LIST

GREGORY HAWRAN ESQ.
701 Brickell AVE, suite 1600
MIAMI, FL 33131

# EXHIBIT

# S

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-22139-CIV-Ungaro/Torres 2

EDWARD SANTANA,

      Plaintiff,

vs.

DORAL CAROLINA ALE HOUSE, LLC, *et al.*,

      Defendants.

_____/

## ORDER ON MOTION TO APPOINT MAGISTRATE JUDGE TO CONDUCT EARLY MEDIATION

THIS MATTER is before the Court upon Plaintiff's "Expedited Motion to Appoint Magistrate Judge to Conduct Mediation." (D.E. 13).

THE COURT has reviewed the Motion and the pertinent portions of the record. Plaintiff brings this action *pro se* under the Age Discrimination in Employment Act, claiming that he was denied a job as a server at Defendant's restaurant because of his age. In the Motion, Plaintiff asks the Court to compel early mediation of this case "in an effort to foster [an] early and cost effective resolution for all parties . . . before the start of discovery." (D.E. 13). While the Court encourages the parties to engage in settlement negotiations, Plaintiff's desire to avoid discovery is not good cause to compel an early mediation. The Court will separately enter an order referring this case to mediation, setting a reasonable mediation deadline.

Accordingly, it is

ORDERED AND ADJUDGED that the Motion (D.E. 13) is DENIED.

DONE and ORDERED in Chambers in Miami, Florida on this 17th day of July, 2012.

_____

URSULA UNGARO
UNITED STATES DISTRICT COURT JUDGE

Copies furnished to counsel of record

EXHIBIT

T

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-24381-CIV-UNGARO

EDWARD SANTANA, on behalf of himself
and all others similarly situated,

      Plaintiff,

v.

CAROLINA BBQ BRICKELL, LLC
d/b/a BROTHER JIMMY'S BBQ,

      Defendant.

_____/

## ORDER OF INSTRUCTIONS TO PRO SE LITIGANT

_____The Plaintiff in this case is proceeding *pro se*. In a *pro se* case, it is essential that the *pro se*

litigant understand certain procedural information. Accordingly, it is

ORDERED AND ADJUDGED as follows:

1.    It is the responsibility of the plaintiff to keep the Court advised of his current address
at all times. Accordingly, a *pro se* litigant must promptly notify the Court in writing
of any change of his or her address. This notice must be provided on a paper labeled
"Notice of Change of Address" and must include the case number, the litigant's
name, and the new address. A copy must be sent to counsel for the opposing sise,
and the notice shall include a certificate of service that a copy had been sent to
counsel for the opposing side. Failure to promptly notify the Court of any change in
address may result in dismissal of the case for lack of prosecution.

2.    The plaintiff is instructed that the Court has no legal authority to appoint counsel for
the plaintiff in a civil rights suit. In extraordinary cases, it can *request* a lawyer to
represent the plaintiff, but such cases are rare, and no appointment can be made in
any civil rights case.

3.    The Plaintiff shall serve upon defendant(s) and the defendant(s) upon the Plaintiff,
or, if appearance by counsel has been entered, upon their respective counsel, copies

of all further pleadings or other documents submitted for consideration by the Court. This means that before counsel has appeared for the defendant(s), the Plaintiff shall send to the defendant(s) personally a copy of every further pleading, motion, or other paper submitted to the Court. After counsel has appeared for the defendant(s), the copy shall be sent directly to counsel for the defendant(s), rather than to the defendant(s) personally. The Plaintiff shall include with each pleading, motion or other paper submitted to be filed a certificate stating the date that an accurate copy of the pleading, motion, or other paper was mailed to defendant(s) or counsel for defendant(s). If any pleading, motion, or other paper submitted to the Court does not include a certificate of service upon the defendant(s) or counsel for the defendant(s), it will be stricken by the Court.

4.  All pleadings must include the case number at the top of the first page. The parties shall send the original of every pleading or document to the Clerk of this Court. Miami cases to be filed at 400 N. Miami Avenue, Miami, Florida 33128; Broward cases to be filed at 299 East Broward Boulevard, Ft. Lauderdale, Florida 33301; West Palm Beach cases to be filed at 701 Clematis Street, West Palm Beach, Florida 33401. Each submission shall include 1) a copy of the pleading or document, and 2) a certificate of service stating the date a true copy of the pleading or document was sent to the opposing party(ies) and/or counsel for such party(ies).

5.  No original pleading or document shall be sent directly to a Judge or Magistrate of this Court. Any paper submitted directly to a Judge or Magistrate rather than to the Clerk will be disregarded by the Court.

6.  No letters can be sent to the Clerk of Court or to any District or Magistrate Judge concerning the case. All letters will be ignored. A *pro se* litigant may file a motion, a memorandum, any pleading allowed by the procedural rules, or any document ordered by the Court, but no letters will receive a response.

7.  A *pro se* litigant and his or her family, friends or acquaintances must not call any Judge's office for any reason. No information about the case can be obtained from the Judge's office. Brief case status information contained on the docket sheet may be available from the Clerk of Court, but no Court employee can provide legal advice to any litigant, *pro se* or otherwise.

8.  The Plaintiff has no counsel to assist in the discovery process. Attention is therefore drawn to Fed. R. Civ. P. 26(a), which lists the various forms of discovery available in civil cases. The Plaintiff is instructed that the Court will not grant any motion by a *pro se* Plaintiff to take depositions, but will otherwise permit reasonable, relevant discovery by the methods described in the Federal Rules of Civil Procedure.

9.  It is the Plaintiff's responsibility to actively pursue this case, obtain any essential discovery, file all necessary pleadings and motions and otherwise comply with all

scheduling orders and prepare the case for trial. Failure to do this will probably result in dismissal of the case for lack of prosecution.

10. An electronic copy of the Federal Rules of Civil Procedure is available at http://www.uscourts.gov/rules/newrules4.html and of the of the Southern District of Florida Local Rules at http://www.flsd.uscourts.gov/. *Pro se* litigants must familiarize themselves with these Rules which are strictly enforced.

DONE AND ORDERED in chambers at Miami, Florida this 24th day of January, 2014.

*Ursula Ungaro*

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Edward Santana, *pro se*
counsel of record

# EXHIBIT

# U

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-24381-CIV-UNGARO

EDWARD SANTANA, on behalf of himself
and all others similarly situated,

       Plaintiff,

v.

CAROLINA BBQ BRICKELL, LLC
d/b/a BROTHER JIMMY'S BBQ,

       Defendant.

_____/

## ORDER ON MOTION TO AMEND

THIS CAUSE is before the Court upon Plaintiff's Motion For Leave to Amend the

Second Amended Complaint.  (D.E. 23.)

THE COURT has considered the Motion and the pertinent portions of the record, and is

otherwise fully advised in the premises.

On January 10, 2013, Plaintiff availed himself of the opportunity to amend his Complaint

once as of right.  Five days later, Plaintiff moved to amend the Complaint and the Court granted

leave to do so.  (D.E. 17 & 19.)  Plaintiff now seeks leave to again amend his complaint, this

time in order to add an additional defendant and an additional count of retaliation under Title VII

of the Civil Rights Act of 1964.

Defendant argues that Plaintiff should not be permitted to amend the Second Amended

Complaint to add the retaliation claim because amendment would be futile.  More specifically,

Defendant argues that Plaintiff failed to file a charge with the EEOC relating to the retaliation

claim[1] and the Third Amended Complaint fails to state a claim for retaliation under Title VII. (D.E. 24.)

"[A] district court may properly deny leave to amend a complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004). When the complaint as amended is still subject to dismissal a denial of leave to amend based on futility is justified. *Id.* at 1263 (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999). *See also Cone Fin. Grp., Inc. v. Emp'rs Ins. Co. of Wausau*, 476 F. App'x 834, 837 (11th Cir. 2012) (finding that an amendment to add a count was futile because the count failed to state a claim for relief).

In order to state a claim for retaliation under Title VII, an applicant must show that he (i) engaged in statutorily protected activity, (ii) suffered a materially adverse action, and (iii) a causal connections exists between the protected activity and the employer's adverse action. *Crawford v. Carroll*, 529 F.3d 961, 973 (11th Cir. 2008).

Whether Plaintiff engaged in statutorily protected activity is not in dispute by the parties. And it is clear that Plaintiff engaged in statutorily protected activity by filing an EEOC charge and this discrimination-based lawsuit. *Gerard v. Bd. of Regents of State of Ga.*, No. 08-15400, 2009 WL 1101524, at *7 (11th Cir. Apr. 24, 2009).

An adverse action is one that "has a materially adverse effect on the plaintiff, irrespective of whether it is employment or workplace-related." *Crawford v. Carroll*, 529 F.3d 961, 973 (11th Cir. 2008) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). "A

---

[1]Since the filing of Defendant's Response to Plaintiff's Motion to Amend, Plaintiff filed another charge with the EEOC based on retaliation.

Page 2 of 4

plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington*, 548 U.S. at 68. Furthermore, "[t]he anti-retaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Id*. There are no allegations contained in the proposed Third Amended Complaint that illustrate how Elmalem's alleged statements had a materially adverse effect on Plaintiff or harmed the Plaintiff in any way. In fact, Plaintiff merely recites the elements of a retaliation claim. (*See, e.g.*, Proposed Third Am. Compl. ¶ 57 ("The Defendants' adverse employment action against the Plaintiff was harmful to the point that it could well dissuade a reasonable worker (or job applicant) from making or supporting a charge of discrimination.")). Therefore, allowing Plaintiff to add a second count based on retaliation would be futile.

The last remaining issue before the Court is whether Plaintiff may amend the Second Amended Complaint to add Dustin Elmalem as a defendant. Plaintiff refers to "Defendants" throughout the proposed Third Amended Complaint, leading the Court to conclude that Plaintiff seeks to amend the Second Amended Complaint to assert Count I against Elmalem as well. To the extent Plaintiff seeks to sue Elmalem in his individual capacity, individual capacity suits under Title VII are inappropriate. *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006). And, even assuming that Elmalem may be sued in his official capacity as co-owner of Carolina BBQ Brickell, LLC, claims against an employer and individual in their official capacity are redundant and subject to dismissal. *Vincent v. Santa Rosa Cnty. Sch. Dist.*, No. 3:10cv217/MCR/MD, 2010 WL 5058559, at *2 (N.D. Fla. Nov. 1, 2010) (citing *Adams v. Cobb Cnty. Sch. Dist.*, 242 F.

App'x 616, 617 (11th Cir. 2007) (noting that the district court dismissed as redundant official

capacity claims against four individuals because the employer was also named as a defendant));

*Brooks v. CSX Transp., Inc.*, No. 3:09-cv-379-J-32HTS, 2009 WL 3209708, at *4 (M.D. Fla.

Sept. 29, 2009).  Accordingly it is

      ORDERED AND ADJUDGED that the Motion (D.E. 23) is DENIED.  It is further

      ORDERED AND ADJUDGED that the operative complaint is the Second Amended

Complaint and **no further amendments will be permitted.**

      DONE AND ORDERED in Chambers, Miami, Florida, this 6th day of March, 2014.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Edward Santana, *pro se*
counsel of record

Page 4 of 4

# EXHIBIT

# V

AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
### for the

FILED by _____ D.C.

OCT 0 3 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

EDWARD SANTANA
_____
Plaintiff/Petitioner
)
)
)
v.
)
KENDALL CR, LLC
_____
Defendant/Respondent
)
)

Civil Action No. 11-CV-22794-UU

d/b/a Cadillac Ranch All American Bar and Grill

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____ .
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:


My gross pay or wages are: $ ___0___ , and my take-home pay or wages are: $ ___0___ per

(specify pay period) _____ .

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply):*

| | | |
|---|---|---|
| (a) Business, profession, or other self-employment | ☒ Yes | ☐ No |
| (b) Rent payments, interest, or dividends | ☐ Yes | ☒ No |
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ☒ No |
| (d) Disability, or worker's compensation payments | ☐ Yes | ☒ No |
| (e) Gifts, or inheritances | ☐ Yes | ☒ No |
| (f) Any other sources | ☒ Yes | ☐ No |

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

I Do NOT expect Anything in the future
I Am Requesting An in camera hearing and/or telephonic
evidentiary hearing if necessary to Disclose settlements
Received within the PAST 12 months.

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4. Amount of money that I have in cash or in a checking or savings account:  $  _350.00_  .

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

THE title of my CAR was signed over to A Bond Insurance company As collateral. THE value of THE CAR is Approximately $ 15,000 - $ 18,000. I DO NOT own Real Estate, Stock, Bond, Security Trust, Jewelry, Art work or other financial instrument or thing of Value.

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:

$ 1040.00  Rent
$ 101.50  Electricity Bill
$ 45.00  WATER Bill
$ 75.00  Phone Bill

$ 250.00  Insurance
$ 500 - $800  Food
$ 200 - $250  Gasoline
undetermined Clothing expense

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

I Support my two Daughter A.G. and A.B.
I Support my Fiancé Dana Blum
I Also help my mother and Sister when I can.

8. Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

$ 16,000.00  in credit CARD Bills And other accounts.

*Declaration:* I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date:  _10/3/2011_

_Edward Santana_
*Applicant's signature*

EDWARD  SANTANA
*Printed name*

CADILLAC Ranch          $2,124.17
LONGHORN STEAKHOUSE      $250.00
BRIMSTONE               $250.00
Millers Ale House       $2,000.00
BONGOS Restaurant       $2,662.88
Shula's 347 Grill       $1,255.53

            Appx. $8,542.60

I have also received several settlements from some of the above mentioned restaurants. I am requesting an in camera hearing to disclose the confidential settlements received if necessary.

Despite me receiving several settlement proceeds within the past 12 months does not necessarily mean that I have money to expend on litigation. I have used past settlement proceeds to pay bills, support my two kids, (clothing, toys, etc.), my fiancé, help my mother, help my sister, car expenses (Tires, Gas, Alignment, Brakes, oil change, fuel injection cleaning, etc), car insurance and for a D.U.I Attorney.

EXHIBIT
W

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 12-22139-CIV-UNGARO

EDWARD SANTANA

      Plaintiff,

v.

DORAL CAROLINA ALE HOUSE, LLC
d/b/a CAROLINA ALE HOUSE

      Defendant.

_____/

## ORDER ON MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

_____THIS CAUSE is before the Court on Plaintiff's *pro se* Motion for Leave to

Proceed *in forma pauperis.* (D.E. 3).

THE COURT, has reviewed the motion and the pertinent portions of the

record and is otherwise fully advised of the premises.

United States Code Title 28, Section 1915(a) authorizes the filing of a suit

"without prepayment of fees or security thereof, by a person who submits an

affidavit . . . that the person is unable to pay such fees or give security thereof." 28

U.S.C. § 1915(a) (1996).  A person may proceed *in forma pauperis* when, "because of

his poverty, [he] is unable to pay for the court fees and costs, and to support and

provide for the necessities of life for himself and his dependents." *Martinez v. Kristi*

*Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citing *Adkins v. E.I. DuPont de*

*Nemours & Co.*, 335 U.S. 331, 339 (1948)).  "A trial court has wide discretion in

denying an application to proceed IFP under  28 U.S.C. § 1915.  This is especially

true, the rubric goes, in civil cases for damages, wherein the courts should grant the privilege sparingly." *Id.* (quoting *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)).

Accepting Plaintiff's statements on his affidavit as true, the Court finds he has failed to meet the above criterion for proceeding *in forma pauperis*. Plaintiff's affidavit lists an income over the last twelve months of $33,700, with $30,000 from settlements in previous lawsuits.[1] Plaintiff further states he has a balance of $1,841.60 in his checking account. While Plaintiff lists $43,000 in liabilities, $33,000 of this is vaguely described as "other." The Court is not persuaded that Plaintiff has met the standard of poverty required to proceed *in forma pauperis*. *See, e.g.*, *Crim v. Manalich*, No. 2:09-cv-736-FtM-29SPC, 2011 WL 606543, at *2 (M.D. Fla. Feb. 11, 2011) (denying Plaintiff's *in forma pauperis* motion because Plaintiff failed to satisfy poverty requirement); Order Denying Plaintiff's Motion to Proceed *in Forma Pauperis*, *Santana v. Mercantil Commerce Bank, N.A.*, No. 11-23502-CIV-MORENO (S.D. Fla. Oct.4, 2011), ECF No. 4 (finding that Plaintiff Edward Santana did "not sufficiently meet the poverty threshold to proceed *in forma pauperis*"). Accordingly, it is

ORDERED AND ADJUDGED that the Motion (D.E. 3) is DENIED.

---

[1] Plaintiff has filed seven lawsuits in the Southern District of Florida in the last two years, including the instant action. Of these, three remain pending.

DONE AND ORDERED in Chambers at Miami, Florida, on this 28th day of June, 2012.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Edward Santana, *pro se*

EXHIBIT

X

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD SANTANA,

     Plaintiff,

v.                                      Case No: 2:13-cv-281-Ftm-99SPC

TOMMY BAHAMA R & R HOLDINGS,
INC.,

     Defendant.

_____/

ORDER

This matter comes before the Court on Affidavit of Indigency (Doc. #2) filed on April 11, 2013, which the Court construes as a Motion for Leave to Proceed *In Forma Pauperis*. Plaintiff Santana seeks to proceed without payment of filing fees, costs and security pursuant to 28 U.S.C. §1915.

Under 28 U.S.C. §1915(a)(1), the District Court may, upon a finding of indigency, authorize the commencement of a civil action without requiring payment of fees, costs or security if the potential plaintiff has filed an affidavit that she is unable to pay such costs or give security. Jones v. St. Vincents Health System, 2007 WL 1789242, *1 (M.D. Fla. June 19, 2007). "The Court's decision of whether to grant *in forma pauperis* status is discretionary." *Id*. (citing Pace v. Evans, 709 F.2d 1428 (11th Cir. 1983)). An individual should only receive *in forma pauperis* status if she is truly indigent, and the only determination the court should make is whether the statements contained in the affidavit satisfy the poverty requirement. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. Apr. 2, 2004); Jones, 2007 WL 1789242 at *1. Accordingly, an affidavit, which addresses the statutory language "should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is absolutely

destitute to qualify for indigent status under §1915." <u>Martinez</u>, 364 F.3d at 1307 (quoting <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 338–40 (1948) (internal quotations omitted).

Once an affidavit demonstrates sufficient economic eligibility on its face, the court should proceed to determine the sufficiency of the claim. <u>Martinez</u>, 364 F.3d at 1307 (quoting <u>Watson</u>, 525 F.2d at 891). When reviewing the plaintiff's claim, the **District Court is authorized** to dismiss the case if the action is frivolous and malicious[1], fails to **state a claim on which relief may be granted**, or seeks monetary relief against a defendant who is immune from such relief. <u>Ex parte Chayoon</u>, 2006 WL 3841790, *1 (M.D. Fla. Dec. 15, 2006) (quoting 28 U.S.C. §1915(e)(2)(B)).

Having reviewed the **Plaintiff's Affidavit (Doc. #2)**, the Court finds the Plaintiff is a pauper, and is entitled to proceed on the Complaint to pursue his claim under the **ADEA (Doc. #1)** without the payment of a filing fee.

Accordingly, it is now

ORDERED:

(1) Affidavit of Indigency (Doc. #2) is GRANTED.

(2) As Plaintiff has not provided this Court with a mailing **address**, the Clerk of Court shall make available summonses and Marshal 285 forms for the Plaintiff to pick up. Plaintiff shall complete and provide the forms to the Clerk of Court within fifteen [15] days of picking up the forms.

---

[1] A complaint is frivolous when it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

(3) The Clerk shall then provide the completed forms to the United States Marshal. Upon receipt of the completed forms, the United States Marshal is directed to serve them upon the Defendant(s) without cost to the Plaintiff.

DONE and ORDERED in Fort Myers, Florida this 15th day of April, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS      DIVISION

2013 APR 11  PM 2: 07

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

EDWARD SANTANA   Plaintiff(s),

-v-

TOMMY BAHAMA R & R
Holdings, Inc d/b/a
Tommy BAHAMA   Defendant(s)

Case No.

2:13-cv-281-FtM-99SPC

**AFFIDAVIT OF INDIGENCY**

**(EACH PLAINTIFF MUST COMPLETE A SEPARATE AFFIDAVIT OF INDIGENCY)**

I, EDWARD SANTANA , being first duly sworn, depose and make under oath the following application and affidavit, pursuant to Title 28 USC § 1915, to proceed *in forma pauperis* in the United States District Court for the Middle District of Florida. I am unable to make prepayment of fees and costs or to give security therefor, and it is my belief that I am entitled to redress, and that I have not, for the purpose of avoiding payment of said cost, divested myself of any property, monies, or any items of value.

I. BRIEF STATEMENT OF THE NATURE OF THE ACTION:

Tommy Bahama (Defendant) discriminated against the Plaintiff because of his Age (40 years old). Defendant failed or refused to hire the plaintiff because of his AGE.

II. **RESIDENCE**
Affiant's address: N/A
(Street)

Naples                           FL
(City)                           (State)           (Zip Code)

DC 101 (Rev. 1/97)                                          Page 1

Case 2:13-cv-00281-UA-SPC   Document 2   Filed 04/11/13   Page 2 of 5 PageID 9

III. <u>MARITAL STATUS</u>:

1. Single ☐     Married ☒     Separated ☐     Divorced ☐

2. If married, spouse's full name: _DAWN  Blum_____

IV. <u>DEPENDENTS</u>:

1. Number: _3_

2. Relationship to dependent(s): _Daughters  AND  Wife_

3. How much money do you contribute to your dependents' support on a monthly basis?
   $ _800 - 900_  when Affiant can

V. <u>EMPLOYMENT</u>:   (Information provided below applies to your present employment or last employment).

1. Name of employer: _(Unemployed) Verigina Restaurant_
   a. address of employer: _721  5th  Avenue South_
      (Street)

   _Naples_____     _FL_     _34102_
   (City)                      (State)      (Zip)

   b. State how long affiant has been (was) employed by present (or last) employer?
      Years: _____     Months: _Approximately 3 weeks_
   c. Income:   Monthly $ _N/A_     or   Weekly: $ _N/A_
   d. What is (was) the affiant's job title? _Waiter_

2. If unemployed, date of last employment: _3/12/13_

3. Is spouse employed? Yes ☐ No ☒ If so, name of employer: _____
   _N/A_
   a. Income:   Monthly $ _N/A_     or   Weekly: $ _N/A_
   b. What is spouse's job title? _N/A_

4. Are you and/or your spouse receiving welfare aid?  Yes ☐     No ☒
   If so, amount: Monthly $ _N/A_     or     Weekly $ _N/A_

VI. <u>FINANCIAL STATUS</u>:

1. Owner of real property (excluding ordinary household furnishings and clothing):
   a. Description: _I  own  No  property  or  real  property_

b.  Full address: _____ *N/A* _____
     (street)
     _____ *N/A* _____          _____
     (City)                          (State)                    (Zip)

c.  In whose name?  _____ *N/A* _____

d.  Estimated value:   *N/A*           $  _____ *N/A* _____

e.  Total amount owed:   *N/A*         $  _____ *N/A* _____

    Owed to: _____ *N/A* _____ for     $  _____ *N/A* _____
             _____ *N/A* _____ for     $  _____ *N/A* _____

f.  Annual income from property:  *N/A*    $  _____ *N/A* _____

2.  Other assets/property:  *I DO NOT OWN A CAR*

    a.  Automobile:  Make  _____ *N/A* _____   Model  _____ *N/A* _____

        In whose name registered:  _____ *N/A* _____

        Present value of car:                 $  _____ *N/A* _____
        Amount owed:                          $  _____ *N/A* _____
        Owed to:  _____ *N/A* _____

    b.  Total cash in banks, savings and loan associations, prisoner accounts, financial
        institutions, other repositories, or anywhere else:    $  _____ *N/A* _____

    c.  List monies received during the last twelve (12) months into your hands, into banks,
        savings and loan associations, prisoner accounts, other financial institutions, or other
        sources as indicated below:

        Business, profession, or other forms of
        self employment:                      $  *5,000 Approximately*

        Rent payments, interest, or dividends:   $  *N/A*
        Pensions, annuities, or life insurance payments   $  *N/A*
        Gifts or inheritances:                $  *N/A*
        Stocks, bonds, or notes:              $  *N/A*
        Other sources:                        $  *15,000 Approximately*

3.  Obligations:

    a.  Monthly rental on house or apartment:   $  *N/A*
    b.  Monthly mortgage payments on house:     $  *N/A*

4. Other information pertinent to affiant's financial debts and obligations:

RCSH OPERATIONS, LLC                    $13,500 (APPX)    N/A
(Creditor)                              (Total debt)      (Monthly payment)

Capital ONE AUTO Finance                $4500 (APPX)      N/A
(Creditor)                              (Total debt)      (Monthly payment)

Capital ONE                             $2,000 (APPX)     N/A
(Creditor)                              (Total debt)      (Monthly payment)

Other (explain): Plaintiff is currently in DEBT For
Approximately $35,000 or more, including $10,000 medical bill
$5,000 Credit cARD DEBT

**VII. FOR PRISONER AFFIANTS ONLY:**

1. Date(s) of incarceration: _____

2. Estimated release or parole date: _____

3. A copy of the prisoner's account statement containing all transactions in affiant's prisoner account for the six (6) months immediately preceding the filing of the Complaint or Petition must accompany this Affidavit. The account statement must be obtained from an authorized official of each prison at which the prisoner is or was confined during this period of time. The account statement must be in the form of a computer printout or bank ledger card prepared by the institution or an account statement prepared by an authorized officer of the institution. Failure to provide this account statement may result in the dismissal of this action.

The requirement to submit the account statement does not negate the prisoner affiant's responsibility to ensure that the Affidavit Certificate found on page 6 of this Affidavit of Indigency is also properly executed and filed.

VIII.  ALL AFFIANTS MUST READ AND SIGN

I UNDERSTAND that any false statement(s) of a material fact contained herein may serve as the basis of prosecution and conviction for perjury of making false statements. FURTHER, I CERTIFY that all questions contained herein have been answered and are true and correct to the best of my knowledge and belief.

_____
Signature of Affiant

STATE OF FLORIDA

COUNTY OF __Lee_____

THE FOREGOING INSTRUMENT WAS ACKNOWLEDGED BEFORE ME THIS __1th__ DAY OF __April__ _____, 20 _13_, BY __Edward  Santana_____
(Insert name of person acknowledged)

WHO IS PERSONALLY KNOWN TO ME OR WHO HAS PRODUCED __Fl Identification Card__
(State type of identification)

AS IDENTIFICATION AND WHO DID √ (DID NOT   ) TAKE AN OATH.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:

Aug 03, 2015_____

NOTARY PUBLIC-STATE OF FLORIDA
Cheryl Parker Averill
Commission # EE114829
Expires:  AUG. 03, 2015
BONDED THRU ATLANTIC BONDING CO., INC.

NOTARY PUBLIC-STATE OF FLORIDA
Cheryl Parker Averill
Commission # EE114829
Expires:  AUG. 03, 2015
BONDED THRU ATLANTIC BONDING CO., INC.

DC 101 (Rev. 1/97)                                                                                                      Page 5

EXHIBIT

Y

Form **1040A**  Department of the Treasury - Internal Revenue Service

**U.S. Individual Income Tax Return** (99)  **2010**  IRS Use Only - Do not write or staple in this space.

OMB No. 1545-0074

| | | |
|---|---|---|
| Name, Address, and SSN | Your first name and initial  EDWARD | Last name  SANTANA |
| | If a joint return, spouse's first name and initial  DANN M | Last name  BLUM |
| | Home address (number and street). If you have a P.O. box, see instructions.  9041 SW 122 AVE | Apt. no.  203 |
| | City, town or post office, state, and ZIP code. If you have a foreign address, see instructions.  MIAMI                    FL   33186 | |

Your social security number

Spouse's social security number

▲ Make sure the SSN(s) above and on line 6c are correct.

Checking a box below will not change your tax or refund.

**Filing status**  Check only one box.

1 ☐ Single
2 ☒ Married filing jointly (even if only one had income)
3 ☐ Married filing separately. Enter spouse's SSN above and full name here. ▼
4 ☐ Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here. ▼
5 ☐ Qualifying widow(er) with dependent child (see instructions)

**Exemptions**  If more than six dependents, see instructions.

6a ☒ Yourself.  If someone can claim you as a dependent, do not check box 6a.

b ☒ Spouse

c Dependents:

| (1) First name  Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if qualifying child for child tax credit |
|---|---|---|---|

| Boxes checked on 6a and 6b | 2 |
| No. of children on 6c who: | 3 |

d Total number of exemptions claimed  ▶ 5

**Income**

7 Wages, salaries, tips, etc. Attach Form(s) W-2.  7  16,595

8a Taxable interest. Attach Schedule B if required.  8a  477
b Tax-exempt interest. Do not include on line 8a.  8b
9a Ordinary dividends. Attach Schedule B if required.  9a
b Qualified dividends.  9b
10 Capital gain distributions (see instructions).  10
11a IRA distributions.  11a   11b Taxable amount  11b
12a Pensions and annuities.  12a   12b Taxable amount  12b
13 Unemployment compensation and Alaska Permanent Fund dividends.  13
14a Social security benefits.  14a   14b Taxable amount  14b
15 Add lines 7 through 14b (far right column). This is your total income.  ▶ 15  17,072

**Adjusted gross income**

16 Educator expenses (see instructions).  16
17 IRA deduction (see instructions).  17
18 Student loan interest deduction (see instructions).  18
19 Tuition and fees. Attach Form 8917.  19
20 Add lines 16 through 19. These are your total adjustments.  20
21 Subtract line 20 from line 15. This is your adjusted gross income.  ▶ 21  17,072

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions.  EEA  Form **1040A** (2010)

Client Copy

Form **1040X**

(Rev. December 2011)

Department of the Treasury - Internal Revenue Service

## Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0074

This return is for calendar year    [X] 2011    [ ] 2010    [ ] 2009    [ ] 2008

Other year. Enter one: calendar year _____ or fiscal year (month and year ended): _____

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| edward | santana | |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| DAWN M | BLUM | |

Home address (number and street). If you have a P.O. box, see instructions.    9041 SW 122 AVE    Apt. no. 203    Your phone number (305) 746-1063

City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions).    Miami, FL 33186

Foreign country name _____    Foreign province/state/county _____    Foreign postal code _____

Amended return filing status. You must check one box even if you are not changing your filing status.
Caution. You cannot change your filing status from joint to separate returns after the due date.

[ ] Single    [X] Married filing jointly    [ ] Married filing separately    [ ] Qualifying widow(er)    [ ] Head of household (If the qualifying person is a child but not your dependent, see instructions.)

Use Part III on page 2 to explain any changes.

| | | | A. Original amount or as previously adjusted (see instructions) | B. Net change—amount of increase or (decrease)—explain in Part III | C. Correct Amount |
|---|---|---|---|---|---|
| **Income and Deductions** | | | | | |
| 1 Adjusted gross income. If net operating loss (NOL) carryback is included, check here ▶ [ ] | 1 | | 16,547. | 1,394. | 17,941. |
| 2 Itemized deductions or standard deduction | 2 | | 11,600. | | 11,600. |
| 3 Subtract line 2 from line 1 | 3 | | 4,947. | 1,394. | 6,341. |
| 4 Exemptions. If changing, complete Part I on page 2 and enter the amount from line 30 | 4 | | 18,500. | | 18,500. |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | | | 1,394. | |
| **Tax Liability** | | | | | |
| 6 Tax. Enter method used to figure tax: Tables | 6 | | | | |
| 7 Credits. If general business credit carryback is included, check here ▶ [ ] | 7 | | | | |
| 8 Subtract line 7 from line 6. If result is zero or less, enter -0- | 8 | | | | |
| 9 Other taxes | 9 | | 560. | 184. | 744. |
| 10 Total tax. Add lines 8 and 9 | 10 | | 560. | 184. | 744. |
| **Payments** | | | | | |
| 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld (If changing, see instructions) | 11 | | 1,521. | | 1,521. |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | | |
| 13 Earned income credit (EIC) | 13 | | 5,751. | | 5,751. |
| 14 Refundable credits from [ ] Schedule M or Form(s) [ ] 2439 [ ] 4136 [ ] 5405 [ ] 8801 [X] 8812 [ ] 8839 [X] 8863 [ ] 8885 or [ ] other (specify): | 14 | | 3,000. | | 3,000. |
| 15 Total amount paid with request for extension of time to file, tax paid with original return, and additional tax paid after return was filed | 15 | | | | |
| 16 Total payments. Add lines 11 through 15 | 16 | | | | |
| **Refund or Amount You Owe** (Note. Allow 8-12 weeks to process Form 1040X.) | | | | | |
| 17 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 17 | | | | |
| 18 Subtract line 17 from line 16 (If less than zero, see instructions) | 18 | | | | |
| 19 Amount you owe. If line 10, column C, is more than line 18, enter the difference | 19 | | | | |
| 20 If line 18, column C, is less than line 10, enter the difference. This is the amount overpaid on this return | 20 | | | | |
| 21 Amount of line 20 you want refunded to you | 21 | | | | |
| 22 Amount of line 20 you want applied to your _____ (enter year): estimated tax ▶ | 22 | | | | |

For Paperwork Reduction Act Notice, see instructions.    FD 181    Form **1040X** (Rev. 12-2011)

Department of the Treasury - Internal Revenue Service **2012** OMB No. 1545-0074

For the year Jan. 1–Dec. 31, 2012, or other tax year beginning , 2012, ending , 20

EDWARD M SANTANA
DAWN M BLUM
9041 SW 122 AVE APT 203
MIAMI, FL 33186

Foreign country name   Foreign province/state/county   Foreign postal code

**Filing Status**
Check only one box.

1 ☐ Single
2 ☒ Married filing jointly (even if only one had income)
3 ☐ Married filing separately. Enter spouse's SSN above and full name here. ▶
4 ☐ Head of household (with qualifying person). (See instructions.)

**Exemptions**

6a ☒ Yourself. If someone can claim you as a dependent, do not check box 6a
b ☐ Spouse

Boxes checked on 6a and 6b ... **2**

c Dependents:
(1) First name   Last name   (2) Dependent's social security number   (3) Dependent's relationship to you

No. of children on 6c who:
• lived with you ... **3**
• did not live with you due to divorce or separation (see instr.)
Dependents on 6c not entered above
Add numbers on lines above ▶

d Total number of exemptions claimed

**Income**

7 Wages, salaries, tips, etc. | 7 | 3,219.
8a Taxable interest. Attach Schedule B if required | 8a | 780.
b Tax-exempt interest. Do not include on line 8a | 8b |
9a Ordinary dividends. Attach Schedule B if required | 9a |
b Qualified dividends | 9b |
10 Taxable refunds, credits, or offsets of state and local income taxes | 10 |
11 Alimony received | 11 |
12 Business income or (loss). Attach Schedule C or C-EZ | 12 | 14,061.
13 Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | 13 |
14 Other gains or (losses). Attach Form 4797 | 14 |
15a IRA distributions | 15a | b Taxable amount | 15b |
16a Pensions and annuities | 16a | b Taxable amount | 16b |
17 Rental real estate, royalties, partnerships, S corporations, etc. Attach Schedule E | 17 |
18 Farm income or (loss). Attach Schedule F | 18 |
19 Unemployment compensation | 19 |
20a Social security benefits | 20a | b Taxable amount | 20b |
21 Other income. List type and amount | 21 |
22 Combine the amounts in the far right column for lines 7 through 21. This is your total income ▶ | 22 | 17,971.

**Adjusted Gross Income**

23 Educator expenses | 23 |
24 Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24 |
25 Health savings account deduction. Attach Form 8889 | 25 |
26 Moving expenses. Attach Form 3903 | 26 |
27 Deductible part of self-employment tax. Attach Schedule SE | 27 | 993.
28 Self-employed SEP, SIMPLE, and qualified plans | 28 |
29 Self-employed health insurance deduction | 29 |
30 Penalty on early withdrawal of savings | 30 |
31a Alimony paid   b Recipient's SSN ▶ | 31a |
32 IRA deduction | 32 |
33 Student loan interest deduction | 33 |
34 Tuition and fees. Attach Form 8917 | 34 |
35 Domestic production activities deduction. Attach Form 8903 | 35 |
36 Add lines 23 through 35 | 36 | 993.
37 Subtract line 36 from line 22. This is your adjusted gross income ▶ | 37 | 16,978.

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions.   Form 1040 (2012)

# EXHIBIT

# Z

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:12-CV-21765-JAL

FILED by _____ D.C.

JUL - 5 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. MIAMI

EDWARD SANTANA
  PLAINTIFF
VS.
RED ROBIN INTERNATIONAL, Inc
d/b/a RED ROBIN

## PLAINTIFFS NOTICE OF UNAVAILABILITY

PLAINTIFF, EDWARD SANTANA, hereby gives notice that he will be absent from the Jurisdiction for the period of AUGUST 10, 2012 Through AND Including September 10, 2012. PLAINTIFF Respectfully requests that he be excused from Responding TO MOTIONS, NOTICES or hearings of ANY Sort during the Above Referenced time periods.

DATED: July 5, 2012

Respectfully Submitted,

EDWARD SANTANA
9041 SW 122 Ave # 203
MIAMI, FL 33186
(786) 424-5701
eSantana44@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of July, 2012, the foregoing was served by U.S. mail upon the following:

LAURIE CHESS ESQ
601 Brickell Key Dr., Ste 500
Miami, FL 33131

# EXHIBIT

# 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 13-24381-CIV-UNGARO/TORRES

EDWARD SANTANA, on behalf of himself
and all others similarly situated,

       Plaintiff(s),

vs.

CAROLINA BBQ BRICKELL, LLC
d/b/a BROTHER JIMMY'S BBQ

       Defendant.

_____/

## DEFENDANT'S INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant, Carolina BBQ Brickell,

LLC d/b/a Brother Jimmy's BBQ ("Carolina BBQ Brickell") submits the following Initial

Disclosures.

**A. The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, and identifying the subjects of the information**

The following persons are reasonably likely to have information that may bear on the

claims and defenses asserted in this action, as described below:

1. Dustin Elmalem
   c/o Marko & Magolnick, P.A.
   3001 S.W. 3rd Avenue
   Miami, FL 33129

2. Mikyle Kravitz
   c/o Marko & Magolnick, P.A.
   3001 S.W. 3rd Avenue
   Miami, FL 33129

3.  Jason Lawrence
    c/o Marko & Magolnick, P.A.
    3001 S.W. 3rd Avenue
    Miami, FL  33129

Each of the foregoing has knowledge regarding the falsity of Plaintiff's allegations and the hiring practices and policies of Carolina BBQ Brickell

In addition, other employees of Carolina BBQ Brickell may have knowledge regarding various aspects of Plaintiff's claims and Carolina BBQ Brickell's defenses thereto.  Carolina BBQ Brickell reserves the right to amend this disclosure to identify any such additional individuals once the factual basis, if any, of Plaintiff's claims becomes known.

4.  Corporate Representative of Global Work 3, Corp. d/b/a La Tagliatella

5.  Corporate Representative of Samba Coral Gables, LLC d/b/a Sushi Samba

6.  Corporate Representative of RA Sushi South Miami Corp. d/b/a RA Sushi Bar Restaurant

7.  Corporate Representative of Doral Carolina Ale House, LLC d/b/a Carolina Ale House

8.  Corporate Representative of Tommy Bahama R&R Holdings, Inc. d/b/a Tommy Bahama

Carolina BBQ Brickell reserves the right to amend its disclosure to identify additional individuals as, and if, necessary, during the course of discovery

**B.  A copy of, or description by category and location, of all documents, electronically stored information and tangible things that are in the possession, custody or control of the disclosing party that it may use to support its claims and defenses, unless solely for impeachment**

The following categories of documents are the possession of Plaintiff or its counsel:

2

1. Pleadings, discovery and other documents relating to Plaintiff's litigation with the entities identified in #'s 4-8 above, as well as relating to litigation with other entities sued by Plaintiff for employment-related claims.

2. Carolina BBQ Brickell Employee Handbook

3. Online Application for Employment

**C. A computation of each category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered**

Carolina BBQ Brickell is not seeking damages. Carolina BBQ Brickell reserves the right to seek an award of attorney's fees and costs, as permitted under the law.

**D. Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment**

N/A.

Respectfully submitted,

**MARKO & MAGOLNICK, PA**
Attorneys for Defendant
3001 S.W. 3rd Avenue
Miami, Florida 33129
Telephone: (305) 285-2000
Facsimile: (305) 285-5555

By: /s/Joel S. Magolnick
**Joel S. Magolnick**
Florida Bar No. 776068
magolnick@mm-pa.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 31, 2014, a true and correct copy of the

foregoing document was furnished via electronic mail and U.S. mail to Plaintiff, Edward

Santana (esantana44@yahoo.com), P. O. Box 836631, Miami, FL 33283.

/s/Joel S. Magolnick
Joel S. Magolnick

# EXHIBIT

# 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 13-24381-CIV-UNGARO/TORRES

EDWARD SANTANA, on behalf of himself
and all others similarly situated,

      Plaintiff(s),

vs.

CAROLINA BBQ BRICKELL, LLC
d/b/a BROTHER JIMMY'S BBQ

      Defendant.

_____/

## REVISED NOTICE OF TAKING VIDEOTAPED DEPOSITION
### (Change to date and location only)

PLEASE TAKE NOTICE that the undersigned counsel will take the videotaped

deposition of:

      **NAME:**     Edward Santana

      **TIME:**      Monday, May 5, 2014
                    10:00 a.m.

      **PLACE:**    Network Reporting Service
                    44 West Flagler Street
                    Suite 300
                    Miami, Florida 33130

upon oral examination before Network Reporting Service, Notary Public, or any other officer

authorized by law to take depositions in the State of Florida. The oral examination will continue

from day to day until completed. The deposition is being taken for the purpose of discovery, for

use at trial, or for such other purposes as are permitted under the rules of this Court.

Respectfully submitted,

**MARKO & MAGOLNICK, P.A.**
Attorneys for Defendant
3001 S.W. 3rd Avenue
Miami, Florida 33129
Telephone: (305) 285-2000
Facsimile:   (305) 285-5555

By:  /s/Veronica M. Puntillo
      **Joel S. Magolnick**
      Florida Bar No. 776068
      magolnick@mm-pa.com
      **Veronica M. Puntillo**
      Florida Bar No. 99618
      puntillo@mm-pa.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 19, 2014, that the foregoing document was served

this day via regular U.S. mail to: Edward Santana, *pro se* Plaintiff, P.O. Box 836631, Miami,

Florida 33283.

      /s/Veronica M. Puntillo
      Veronica M. Puntillo

EXHIBIT

3

EGT,MEDREQ

# U.S. District Court
## Southern District of Florida (Miami)
## CIVIL DOCKET FOR CASE #: 1:14-cv-20039-UU
## Internal Use Only

Pines Nursing Home (77), Inc. v. Rehabcare Group, Inc. et al

Assigned to: Judge Ursula Ungaro

Cause: 47:0605 Unauthorized publication or use of communications

Date Filed: 01/06/2014
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

### **Plaintiff**

**Pines Nursing Home (77), Inc.**
*a Florida corporation*
*doing business as*
Pines Nursing Home

represented by **C. Darryl Cordero**
Law Offices of Payne & Fears, LLP
801 S. Figueroa Street
Suite 1150
Los Angeles, CA 90017
213-439-9911
Email: cdc@paynefears.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott Z. Zimmermann**
Law Offices of Scott Z. Zimmermann
601 S. Figueroa Street
Suite 2610
Los Angeles, CA 90017
213-452-6509
Email: szimm@zkcf.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Frank Ford Owen , Jr.**
Law Offices of Frank F. Owen & Associates PA
1091 Ibis Avenue
Miami Springs, FL 33166
305-984-8915
Fax: 305-672-0804
Email: ffo@castlepalms.com
*ATTORNEY TO BE NOTICED*

**Veronica Mae Puntillo**
Marko , Magolnick, P.A.

3001 S.W. 3rd Avenue
Miami, FL 33129
305-285-2000
Fax: 305-285-5555
Email: Puntillo@mm-pa.com
*ATTORNEY TO BE NOTICED*

**Joel Steven Magolnick**
Marko & Magolnick, P.A.
3001 SW 3rd Avenue
Miami, FL 33129
305-285-2000
Fax: 285-5555
Email: magolnick@mm-pa.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Rehabcare Group, Inc.**
*a Delaware corporation*

represented by **Rhett Traband**
Broad & Cassel
2 S Biscayne Boulevard
One Biscayne Tower 21st Floor
Miami, FL 33131
305-416-4226
Fax: 373-9443
Email: rtraband@broadandcassel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda Star Frazer**
Broad and Cassel
21st Floor
2 South Biscayne Blvd.
Miami, FL 33131
305-373-9400
Fax: 305-373-9443
Email: afrazer@broadandcassel.com
*ATTORNEY TO BE NOTICED*

**Mark Francis Raymond**
Broad & Cassel
2 S Biscayne Boulevard
One Biscayne Tower 21st Floor
Miami, FL 33131
305-373-9425
Fax: 995-6385
Email:
MRaymond@BroadandCassel.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cannon & Associates, LLC**
*a Delaware limited liability corporation*

*doing business as*
Polaris Group

represented by **Rhett Traband**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda Star Frazer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark Francis Raymond**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/06/2014 | 1 | COMPLAINT *for Violations of the Junk Fax Prevention Act* against Cannon & Associates, LLC, Rehabcare Group, Inc.. Filing fees $ 400.00 receipt number 113C-6364156, filed by Pines Nursing Home (77), Inc.. (Attachments: # 1 Civil Cover Sheet, # 2 Summon(s), # 3 Summon(s)) (Magolnick, Joel) (Entered: 01/06/2014) |
| 01/06/2014 | 2 | Judge Assignment to Judge Ursula Ungaro (bb) (Entered: 01/06/2014) |
| 01/06/2014 | 3 | Summons Issued as to Cannon & Associates, LLC, Rehabcare Group, Inc. (bb) (Entered: 01/06/2014) |
| 01/10/2014 | 4 | MOTION to Certify Class by Pines Nursing Home (77), Inc.. Responses due by 1/27/2014 (Magolnick, Joel) (Entered: 01/10/2014) |
| 01/10/2014 | 5 | NOTICE by Pines Nursing Home (77), Inc. re 4 MOTION to Certify Class *of Filing Declarations and Exhibits* (Magolnick, Joel) (Entered: 01/10/2014) |
| 01/10/2014 | 6 | MOTION to Set Hearing Date and Briefing Schedule on Motion for Class Certification as Part of the Court's Scheduling Order re 4 MOTION to Certify Class , 5 Notice (Other) by Pines Nursing Home (77), Inc.. Attorney Veronica Mae Puntillo added to party Pines Nursing Home (77), Inc.(pty:pla). (Puntillo, Veronica) (Entered: 01/10/2014) |
| 01/14/2014 | 7 | ORDER SETTING INITIAL PLANNING AND SCHEDULING CONFERENCE. Scheduling Conference set for 3/14/2014 10:30 AM in Miami Division before Judge Ursula Ungaro. Joint Scheduling Report due by 2/28/2014. Signed by Judge Ursula Ungaro on 1/13/2014. (lbc) (Entered: 01/14/2014) |
| 01/16/2014 | 8 | SUMMONS (Affidavit) Returned Executed on 1 Complaint, with a 21 day response/answer filing deadline by Pines Nursing Home (77), Inc.. Rehabcare Group, Inc. served on 1/7/2014, answer due 1/28/2014. (Magolnick, Joel) (Entered: 01/16/2014) |

| 01/17/2014 | 9 | SUMMONS (Affidavit) Returned Executed on 1 Complaint, with a 21 day response/answer filing deadline by Pines Nursing Home (77), Inc.. Cannon & Associates, LLC served on 1/7/2014, answer due 1/28/2014. (Magolnick, Joel) (Entered: 01/17/2014) |
| --- | --- | --- |
| 01/21/2014 | 10 | NOTICE of Attorney Appearance by Rhett Traband on behalf of Cannon & Associates, LLC, Rehabcare Group, Inc.. Attorney Rhett Traband added to party Cannon & Associates, LLC(pty:dft), Attorney Rhett Traband added to party Rehabcare Group, Inc.(pty:dft). (Traband, Rhett) (Entered: 01/21/2014) |
| 01/21/2014 | 11 | Unopposed MOTION for Extension of Time to File Response/Reply as to 4 MOTION to Certify Class *and Incorporated Memorandum of Law* by Cannon & Associates, LLC, Rehabcare Group, Inc.. (Traband, Rhett) (Entered: 01/21/2014) |
| 01/21/2014 | 12 | Initial Disclosure(s) of Pursuant to Fed.R.Civ.P. 7.1 / *Disclosure Statement* by Cannon & Associates, LLC, Rehabcare Group, Inc. (Traband, Rhett) (Entered: 01/21/2014) |
| 01/21/2014 | 13 | Initial Disclosure(s) of Plaintiff by Pines Nursing Home (77), Inc. (Magolnick, Joel) (Entered: 01/21/2014) |
| 01/28/2014 | 14 | Unopposed MOTION for Extension of Time to File Answer RE: Complaints re 1 Complaint, *and Affirmative Defenses* by Cannon & Associates, LLC, Rehabcare Group, Inc.. (Traband, Rhett) (Entered: 01/28/2014) |
| 01/30/2014 | 15 | ORDER ON EXTENSION OF TIME. ORDER granting 6 Motion ; granting 11 Motion for Extension of Time, granting 14 Unopposed MOTION for Extension of Time. Cannon & Associates, LLC answer due 2/11/2014; Rehabcare Group, Inc. answer due 2/11/2014. Discovery due by 3/7/2014., Responses due by 3/17/2014., Replies due by 3/24/2014. Signed by Judge Ursula Ungaro on 1/29/2014. (lbc) (Entered: 01/30/2014) |
| 01/31/2014 | 16 | Joint MOTION to Vacate 15 Order on Motion for Miscellaneous Relief,, Order on Motion for Extension of Time to File Response/Reply,, Order on Motion for Extension of Time to Answer RE: Complaints, by Pines Nursing Home (77), Inc.. Responses due by 2/18/2014 (Magolnick, Joel) (Entered: 01/31/2014) |
| 01/31/2014 | 17 | Unopposed MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Scott Z. Zimmermann. Filing Fee $ 75. Receipt # 73094. (cw) (Entered: 02/03/2014) |
| 01/31/2014 | 18 | Unopposed MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for C. Darryl Cordero. Filing Fee $ 75. Receipt # 73093. (cw) (Entered: 02/03/2014) |
| 02/10/2014 | 19 | ORDER granting 17 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic |

| | | |
|---|---|---|
| | | Filing. Signed by Judge Ursula Ungaro on 2/10/2014. (lbc) (Entered: 02/10/2014) |
| 02/10/2014 | 20 | ORDER granting 18 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing. Signed by Judge Ursula Ungaro on 2/10/2014. (lbc) (Entered: 02/10/2014) |
| 02/11/2014 | 21 | ANSWER and Affirmative Defenses to Complaint by Cannon & Associates, LLC. (Traband, Rhett) (Entered: 02/11/2014) |
| 02/11/2014 | 22 | ANSWER and Affirmative Defenses to Complaint by Rehabcare Group, Inc.. (Traband, Rhett) (Entered: 02/11/2014) |
| 02/26/2014 | 23 | NOTICE by Cannon & Associates, LLC, Rehabcare Group, Inc. *Notice of Appearance*. Attorney Mark Francis Raymond added to party Cannon & Associates, LLC(pty:dft), Attorney Mark Francis Raymond added to party Rehabcare Group, Inc.(pty:dft). (Raymond, Mark) (Entered: 02/26/2014) |
| 02/28/2014 | 24 | SCHEDULING REPORT - **Rule 16.1** by Cannon & Associates, LLC, Rehabcare Group, Inc. (Attachments: # 1 Proposed Joint Scheduling Order and Order Setting Trial)(Traband, Rhett) (Entered: 02/28/2014) |
| 03/03/2014 | 25 | *Amended* ANSWER and Affirmative Defenses to Complaint by Cannon & Associates, LLC. (Traband, Rhett) (Entered: 03/03/2014) |
| 03/03/2014 | 26 | *Amended* ANSWER and Affirmative Defenses to Complaint by Rehabcare Group, Inc.. (Traband, Rhett) (Entered: 03/03/2014) |
| 03/05/2014 | 27 | ORDER denying 16 Motion to Vacate. Signed by Judge Ursula Ungaro on 3/5/2014. (lbc) (Entered: 03/05/2014) |
| 03/07/2014 | 28 | MOTION for Extension of Time Motion to Extend Class Issues Deadlines by Cannon & Associates, LLC, Rehabcare Group, Inc.. Responses due by 3/24/2014 (Attachments: # 1 Exhibit A)(Raymond, Mark) (Entered: 03/07/2014) |
| 03/12/2014 | 29 | ORDER REFERRING CASE to Mediation. Signed by Judge Ursula Ungaro on 3/11/2014. (lbc) (Entered: 03/12/2014) |
| 03/12/2014 | 30 | SCHEDULING ORDER FOR PRETRIAL CONFERENCE AND TRIAL. Pretrial Conference set for 11/21/2014 10:00 AM in Miami Division before Judge Ursula Ungaro. Jury Trial set for 12/15/2014 09:00 AM before Judge Ursula Ungaro. Calendar Call set for 12/10/2014 01:00 PM before Judge Ursula Ungaro. Amended Pleadings due by 5/16/2014. Discovery due by 9/12/2014. Expert Discovery due by 9/12/2014. Joinder of Parties due by 5/16/2014. In Limine Motions due by 10/10/2014. Dispositive Motions due by 10/3/2014. Motions due by 10/3/2014. Pretrial Stipulation due by 10/17/2014. Signed by Judge Ursula Ungaro on 3/11/2014. (lbc) (Entered: 03/12/2014) |
| 03/12/2014 | 31 | NOTICE of Attorney Appearance by Amanda Star Frazer on behalf of Cannon & Associates, LLC, Rehabcare Group, Inc.. Attorney Amanda Star Frazer added to party Cannon & Associates, LLC(pty:dft), Attorney |

| | | Amanda Star Frazer added to party Rehabcare Group, Inc.(pty:dft). (Frazer, Amanda) (Entered: 03/12/2014) |
|---|---|---|

Case 1:13-cv-24881-UU   Document 31   Entered on FLSD Docket 03/31/2014   Page 135 of 175

EGT,MEDIATION

# U.S. District Court
## Southern District of Florida (Miami)
### CIVIL DOCKET FOR CASE #: 1:13-cv-24414-UU
#### Internal Use Only

Velez v. TFC Partners, Inc. et al
Assigned to: Judge Ursula Ungaro
Case in other court: 11th Judicial Circuit in Miami-Dade
                  County, Florid, 13-034024 CA 30
Cause: 42:2000e Job Discrimination (Employment)

Date Filed: 12/09/2013
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Melissa Velez**

              represented by  **Martin Eric Leach**
Feiler & Leach
901 Ponce De Leon Boulevard
Penthouse
Coral Gables, FL 33134-3009
305-441-8818
Fax: 441-8081
Email: mel@flmlegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**TFC Partners, Inc.**
*doing business as*
NFC Amenity Management

              represented by  **Kerrie R. Heslin**
Nukk-Freeman & Cerra, P.C.
Chatham Executive Center
26 Mail Street
Suite 301
Chatham, NJ 07928
973-665-9100
Email: kheslin@nfclegal.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Andrew Lawrence Rodman**
Stearns Weaver Miller Weissler
Alhadeff & Sitterson
Museum Tower
150 W Flagler Street
Suite 2200
Miami, FL 33130
305-789-3200

Fax: 789-3395
Email: arodman@stearnsweaver.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Complete Health And Fitness Concepts, Inc.**
*doing business as*
NFC Amenity Management

represented by **Kerrie R. Heslin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Andrew Lawrence Rodman**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/30/2014 | 12 | NOTICE of Mediator Selection: Neil Flaxaman selected.(Leach, Martin) (Entered: 01/30/2014) |
| 01/14/2014 | 11 | ORDER of Referral to Mediation. Signed by Judge Ursula Ungaro on 1/13/2014. (jua) (Entered: 01/15/2014) |
| 01/14/2014 | 10 | SCHEDULING ORDER for Pretrial Conference and Trial: Pretrial Conference set for 8/22/2014 09:30 AM in Miami Division before Judge Ursula Ungaro. Trial set for 9/8/2014 09:00 AM before Judge Ursula Ungaro. Calendar Call set for 9/3/2014 01:00 PM before Judge Ursula Ungaro. Amended Pleadings due by 2/14/2014. All Discovery due by 6/13/2014. Joinder of Parties due by 2/14/2014. In Limine Motions due by 7/18/2014. All Motions due by 7/7/2014. Joint Pretrial Stipulation due by 7/25/2014. Signed by Judge Ursula Ungaro on 11/13/2014. (See order for further details) (jua) (Entered: 01/15/2014) |
| 12/23/2013 | 9 | ORDER granting 7 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing. Signed by Judge Ursula Ungaro on 12/23/2013. (cbr) (Entered: 12/26/2013) |
| 12/23/2013 | 8 | ORDER Setting Initial Planning and Scheduling Conference, ( -Joint Scheduling Report due by 2/14/2014, Scheduling Conference set for 2/28/2014 09:30 AM in Miami Division before Judge Ursula Ungaro.) Signed by Judge Ursula Ungaro on 12/23/2013. (cbr) (Entered: 12/26/2013) |
| 12/16/2013 | 7 | Kerrie R. Heslin's MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing. Filing Fee $ 75.00. Receipt # 70487. (ksa) (Entered: 12/19/2013) |
| 12/16/2013 | 6 | *Defendants'* ANSWER and Affirmative Defenses to Complaint re the Notice of Removal by Complete Health And Fitness Concepts, Inc., TFC Partners, Inc.. (Rodman, Andrew) (Entered: 12/16/2013) |
| 12/13/2013 | 5 | ORDER denying 4 Motion for Extension of Time to Answer RE: Complaints. It is hereby ORDERED and ADJUDGED that Defendants' |

| | | |
|---|---|---|
| | | Motion for Extension of Time, (D.E. 4), is DENIED. DONE and ORDERED. Signed by Judge Ursula Ungaro (bsk) (Entered: 12/13/2013) |
| 12/12/2013 | 4 | Unopposed MOTION for Extension of Time to File Answer RE: Complaints re 1 Notice of Removal (State Court Complaint), by Complete Health And Fitness Concepts, Inc., TFC Partners, Inc.. (Rodman, Andrew) (Entered: 12/12/2013) |
| 12/09/2013 | 3 | Clerks Notice to Filer re: Electronic Case. Alias Not Added. The Filer failed to add the alias information for the party(ies). The correction was made. It is not necessary to re-file this document. (vjk) (Entered: 12/09/2013) |
| 12/09/2013 | 2 | Judge Assignment to Judge Ursula Ungaro (vjk) (Entered: 12/09/2013) |
| 12/09/2013 | 1 | NOTICE OF REMOVAL (STATE COURT COMPLAINT) Filing fees $ 400.00 receipt number 113C-6293629, filed by Complete Health And Fitness Concepts, Inc., TFC Partners, Inc.. (Attachments: # 1 Civil Cover Sheet Exhibit A, # 2 Certification Exhibit B)(Rodman, Andrew) (Entered: 12/09/2013) |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-24414-CIV-UNGARO

MELISSA VELEZ,
              Plaintiff(s),

v.

TFC PARTNERS, INC., et al.,
              Defendant(s).
_____/

## SCHEDULING ORDER FOR PRETRIAL
## CONFERENCE AND TRIAL

THIS CAUSE is set for **Pretrial Conference at 9:30 a.m.** on **AUGUST 22, 2014** in the

Courthouse Building, 400 North Miami Avenue, Courtroom 12-4, Miami, Florida 33128.  The

parties shall be prepared to argue the merits of any pending motion(s) at the Pretrial Conference.

      Settlement negotiations shall not justify any failure by the parties to conduct discovery.  The

parties shall adhere to the following time schedule:

### TIME SCHEDULE

| | |
|---|---|
| Cut-off date for adding parties or amending pleadings | **FEBRUARY 14, 2014** |
| All discovery must be completed by | **JUNE 13, 2014** |
| All motions including summary judgment motions, motions related to summary judgment motions and *Daubert* motions must be filed by | **JULY 7, 2014** |
| All remaining Motions in limine directed to trial evidence must be filed by | **JULY 18, 2014** |
| Joint Pretrial Stipulation, Jury Instructions or Proposed Findings of Fact and Conclusion of Law must be filed by | **JULY 25, 2014** |

**ALL EXPERT DISCOVERY MUST BE COMPLETED BY THE DISCOVERY CUT-OFF. THEREFORE, THE PARTIES MUST AGREE UPON A SCHEDULE FOR EXPERT DISCLOSURES AND DEPOSITIONS WHICH WILL FACILITATE THEIR**

COMPLETION BY THAT DATE. THE CONTENT OF THE EXPERT DISCLOSURES MUST CONFORM TO THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 26.

THE TIME SCHEDULE CONTAINED IN THIS ORDER MAY NOT BE MODIFIED ABSENT PRIOR ORDER OF THE COURT. IN THE EVENT THE COURT GRANTS A CONTINUANCE OF THE ORIGINALLY SCHEDULED TRIAL DATE, ALL OTHER DATES, INCLUDING THE PRETRIAL CONFERENCE DATE, SHALL REMAIN IN FULL FORCE AND EFFECT UNLESS THE COURT STATES OTHERWISE IN WRITING.

To the extent this Order conflicts with the Local Rules, this order supersedes them. Each attorney and each self-represented party is charged with the duty of complying with this Order. Failure to comply with the time schedule may result in dismissal or other sanctions. The parties are precluded from filing unilateral pretrial stipulations; any party causing unilateral pre-trial stipulations to be filed will be required to show cause why sanctions should not be imposed.

Exhibits must be pre-marked and exchanged prior to execution of the Joint Pretrial Stipulation. Each exhibit should be marked with a sticker identifying the case number, exhibit number, and party offering the exhibit.

The Joint Pretrial Stipulation shall include a numbered list of trial exhibits, other than impeachment exhibits, with objections, if any, to each exhibit, including the basis for objections as provided in Local Rule 16.1(E)(9). The list of exhibits shall identify those which the party expects to offer and those which the party may offer if the need arises. The failure of a party to object to the exhibits listed in the Pretrial Stipulation shall constitute a waiver of any objections, including objections under Rules 402 and 403 of the Federal Rules of Evidence.

The Joint Pretrial Stipulation also shall include a numbered list of trial witnesses, with their addresses, separately identifying those whom the party expects to present, those whom the party may call if the need arises, and those who will testify as experts. Impeachment witnesses need not be

listed. Witnesses whose testimony is expected to be presented by deposition shall be so designated on the witness lists. No later than the date of the Pretrial Stipulation, the party offering a deposition shall file with the Court designations of the pages and lines of deposition testimony to be offered at trial, together with the opposing party's cross-designations and objections to the offering party's designations, and the offering party's objections to cross-designations. Any party that intends to present testimony by deposition shall contact the Courtroom Deputy at (305) 523-5555 to obtain the form that the attorneys must use for deposition designations, cross-designations and objections.

The parties also must submit Joint Stipulated Proposed Jury Instructions and a Joint Proposed Verdict Form concurrently with submission of the Pretrial Stipulation.

YOU ARE HEREBY NOTIFIED that the above-styled cause is set for **TRIAL** during the **two-week** period commencing **SEPTEMBER 8, 2014**, at **9:00 a.m.**, before the Honorable Ursula Ungaro. Counsel shall report to a **Call** of the trial calendar at **1:00 p.m.** on **SEPTEMBER 3, 2014**, for a two-week trial calendar. At this time, each case will be assigned a number for trial. All cases will remain on the calendar until tried or until further notice is received by counsel from the Court.

If this case is to be tried by jury, the parties must submit proposed *voir dire* questions necessary to bring out information other than the identity or experience of prospective jurors no later than the Calendar Call.

WITH REGARD TO SETTLEMENT, if a case is settled, counsel are directed to inform the Court promptly at (305) 523-5555 and to submit an appropriate Order for Dismissal, pursuant to Fed.R.Civ. P. 41(a)(1). Such an Order must be filed within five (5) days of notification to the Court.

**YOU ARE HEREBY REQUIRED TO FILE**, within ninety (90) days this Order, an **Interim Joint Status Report** answering the following questions:

1.      Have all the defendants been served and answered the complaint? If not, state the reason(s) for the failure to do so.

2.      If this is a class action, has a motion for class certification been filed?  If so, what is its status?

3.      If discovery is not closed, what is the parties' agreed upon plan for the completion of discovery by the deadline, including but not limited to the exchange of all relevant electronically stored information?

4.      Are there any motions pending? If so, indicate the status of each motion separately.

5.      Have the parties filed their Notice of Selection of Mediator as required by the Court's Order of Referral to Mediator?

6.      Have the parties agreed to a place, date and time for mediation and has the lead attorney for the plaintiff(s)  completed the form Order Scheduling Mediation and submitted it to the Court? If not, state the reason(s) for the failure to do so.

7.      Have the parties engaged in informal settlement negotiations? If so, explain the extent of the negotiations. If not, explain the reason(s) for the failure to do so.

8.      If the case is less than five days to try, have the parties  conferred and have they agreed to trial before a U.S. Magistrate Judge, wherein a date certain for trial may be given?

The parties shall communicate with the Court solely by motion or notice filed with the Clerk of Court and appropriately served on the other parties.  Any party who, without receiving leave of Court, mails correspondence directly to the Court will be considered in contempt of this order.

DONE and ORDERED at Miami, Florida, this _____ 13 _____ day of January, 2014.

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record

5

Justia.com    Find a Lawyer    Legal Answers    Law    More ▾          Sign In

Enter Search Terms          Search

Justia > Dockets & Filings > Dockets Search

**NEW - Receive Justia's FREE Daily Newsletters of Opinion Summaries** for the US Supreme Court, all US Federal Appellate Courts & the 50 US State Supreme Courts and Weekly Practice Area Opinion Summaries Newsletters. **Subscribe Now**

## Search for Cases

Party Name: | Enter Party Name | Search
Judge: | URSULA UNGARO
Filed In: | - Florida Southern District Court
Type: | All Lawsuit types
Show: | ⦿ All Case Filings
| ○ Only Case Filings with Downloadable Opinions or Orders
Cases Filed: | ○ All Dates
| ⦿ Between 4 ▾ Dec ▾ 2013 ▾ and 10 ▾ Dec ▾ 2013 ▾

## Cases by Type of Lawsuit

Contract                         Civil Rights

Torts - Injury                   Other Statutes

### Cases filed in the Florida Southern District Court between December 4, 2013 and December 10, 2013 Before Judge Ursula Ungaro

Cases 1 - 9 of 9                              View as Table

**Schnitzer v. Carnival Corporation**
Filed: December 10, 2013 as 1:2013cv24436
**Defendant:** Carnival Corporation
**Plaintiff:** Marlene Schnitzer
**Cause Of Action:** Admiralty
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Torts - Injury > Marine

**ACC Shareholders, LLC v. Crestmark Bank**
Filed: December 9, 2013 as 1:2013cv24419
**Plaintiff:** ACC Shareholders, LLC
**Defendant:** Crestmark Bank
**Cause Of Action:** Petition For Removal--Other Contract
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Contract > Other Contract

**Aspuru v. The TJX Companies, Inc.**
Filed: December 9, 2013 as 1:2013cv24426
**Defendant:** The TJX Companies, Inc.
**Plaintiff:** Emelina Aspuru
**Cause Of Action:** Fed. Question: Employment Discrimination
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Employment

## Ask a Lawyer

**Question:**

Enter your question here. e.g., Do I need a bankruptcy lawyer?

Ask Question

## Connect with Justia

Follow JustiaCom

Like Justia



Justia
Like

145,870 people like Justia.

Facebook social plugin

## Find a Lawyer

Legal Issue or Lawyer Name

Fairport, NY          Search

**Lawyers**
**near Fairport, New York**

 **Zev Goldstein**
Traffic Tickets, DUI & DWI, Criminal Law,
Monsey, NY

**Jeannie D. Michalski Esq.**
Criminal Law, Divorce, DUI & DWI, Family
Avon, NY

**Mark Michael Campanella**
Business Law, Collections, Consumer Law
Fairport, NY

**P. Adam Militello Esq.**
Criminal Law, DUI & DWI, Employment L
Rochester, NY

**Raymond Paul Sciarrino**
Criminal Law, DUI & DWI, Personal Injury
Mt. Morris, NY

See More Lawyers

## Lawyers - Get Listed Now!
Get a free full directory profile listing

✓ **Velez v. TFC Partners, Inc. et al**
Filed: December 9, 2013 as 1:2013cv24414
**Defendant:**Complete Health And Fitness Concepts, Inc. , TFC Partners, Inc.
**Plaintiff:**Melissa Velez
**Cause Of Action:** e Job Discrimination (Employment)
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Employment


**In Re: Slovak Republic**
Filed: December 6, 2013 as 1:2013mc24402
**Cause Of Action:** Letter rogatory - appointment
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Other Statutes > Other Statutory Actions

✓ **State Farm Mutual Automobile Insurance Company v. B&A Diagnostic, Inc. et al**
Filed: December 6, 2013 as 1:2013cv24393
**Defendant:** B & A Diagnostic, Inc. , Ernesto Alvarez Velasco
**Plaintiff:** State Farm Mutual Automobile Insurance Company
**Cause Of Action:** Diversity
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Contract > Insurance

✓ **Gerberg v. Enterprise Leasing Company of Florida, LLC**
Filed: December 5, 2013 as 0:2013cv62649
**Defendant:** Enterprise Leasing Company of Florida, LLC
**Plaintiff:** Elon Gerberg
**Cause Of Action:** Diversity-Notice of Removal
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Other Civil Rights


**Santana v. Carolina BBQ Brickell, LLC**
Filed: December 4, 2013 as 1:2013cv24381
**Plaintiff:**Edward Santana
**Defendant:**Carolina BBQ Brickell, LLC
**Cause Of Action:** e Job Discrimination (Employment)
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Employment


**In Re: Argentina; Matter of Safra Republic Bank**
Filed: December 4, 2013 as 1:2013mc24378
**Cause Of Action:** Letter rogatory - appointment
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Other Statutes > Other Statutory Actions


The Justia Federal District Court Filings & Dockets site republishes public litigation records retrieved from the US Federal District Courts. These filings and docket sheets should not be considered findings of fact or liability, and do not necessarily reflect the view of Justia.

© 2007-2013 Justia :: Company :: Terms of Service :: Privacy Policy :: Contact Us

EXHIBIT

4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 12-21538-Civ-COOKE/TURNOFF

EDWARD SANTANA,

      Plaintiff

vs.

CIBO WINE BAR LLC
d/b/a CIBO WINE BAR,

      Defendant.

_____/

### ORDER TO SHOW CAUSE

THIS CASE is before me on an independent review of the record.  Since 2002, Plaintiff has filed over fifteen FLSA cases in the Southern District of Florida, eight of which were filed in the past two years.  These cases have been filed under the names and aliases Ed Santana, Eddie Santana, Eddie M. Santana, Eddy Santana, Edward Santana, Edward M. Santana, and Edy Santana.  Some of these actions include similar claims as in this case—where Plaintiff alleges to have worked at a restaurant for about a week and seeks wages for that period.  *See, e.g.*, *Santana v. Brimstone Woodfire Grill of Pembroke, LLC*, Case No. 10-62343-CMA; *Santana v. Kendall CR, LLC*, Case No. 11-22794-UU; *Santana v. 777 Brickell Partners, LLC*, Case No. 11-20237-KMW.

Pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, a pro se plaintiff who makes any filing in this Court certifies that he is doing so in good faith and his factual contentions have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.  A court may impose appropriate sanctions, including monetary sanctions, upon a finding that Rule 11(b) has been violated.  Fed. R. Civ. P. 11(c)(1).

Having considered the similarity of the allegations in Plaintiff's several actions before this Court, pursuant to Rule 11(c)(3), it is **ORDERED and ADJUDGED** that, on August 8, 2012, at 9:30 a.m., the parties shall appear before me in Courtroom 11-2, 400 North Miami Avenue, Miami Florida, and Plaintiff shall show cause why he has not violated Rule 11(b), by explaining the reasonable inquiry he performed before bringing this action and the evidentiary support for his factual contentions (or, if specifically so identified, the factual contention that will likely have evidentiary support after a reasonable opportunity for further investigation).  Failure to appear may result in sanctions, including dismissal of this action.

**DONE and ORDERED** in chambers, at Miami, Florida, this 23rd day of July 2012.

_Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## MINUTES OF PROCEEDINGS

### SR. U.S. Magistrate Judge Peter R. Palermo

CASE NO.  12-21538-CIV-COOKE          Date 07/19/2012     Time 9:30 - 11:15
(Proceedings not reported or recorded)

Law Clerk  :  Kathy-Ann Marlin _____

STYLE:     EDWARD SANTANA _____

         **vs.**

      CIBO WINE BAR, LLC _____


**PLAINTIFF/ATTORNEYS**                    **DEFENDANT/ATTORNEYS**


_____               _____
**APPEARED**                              **APPEARED**
_____               _____


____X____    See attached list for parties/attorneys attending

PURPOSE OF HEARING:  Settlement Conference

_____    Settlement Conference held

        _____    Case settled.  Report to district judge to be issued.

        _____    Case settled in part.

        ___X___    Case not settled.

        _____    Case reached a tentative agreement.

_____    Settlement Conference not held

_____    Settlement Conference reset to _____



**SR. UNITED STATES MAGISTRATE JUDGE**
**PETER R. PALERMO**
**SETTLEMENT CONFERENCE**
**SIGN-IN SHEET**

**Thursday, July 19, 2012**

**EDWARD SANTANA**

**vs.**

**CIBO WINE BAR, LLC**

**CASE NO. 12-21538-CIV-COOKE**

**PLEASE PRINT**

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| EDWARD SANTANA | |
| Name (please print) | Name (please print) |
| Plaintiff | |
| Relationship to Party | Relationship to Party |
| Annet doVoler | |
| Name (please print) | Name (please print) |
| Attorney (Defendant | |
| Relationship to Party | Relationship to Party |
| Anthony D. Donato | |
| Name (please print) | Name (please print) |
| Defendant | |
| Relationship to Party | Relationship to Party |
| Name (please print) | Name (please print) |
| Relationship to Party | Relationship to Party |
| Name (please print) | Name (please print) |
| Relationship to Party | Relationship to Party |

EXHIBIT

5

Justia.com    Find a Lawyer    Legal Answers    Law    More ▾

Sign In

Enter Search Terms                    Search

Justia > Dockets & Filings > Dockets Search

**NEW - Receive Justia's FREE Daily Newsletters of Opinion Summaries** for the US Supreme Court, all US Federal Appellate Courts & the 50 US State Supreme Courts and Weekly Practice Area Opinion Summaries Newsletters. **Subscribe Now**

## Search for Cases

Party Name:  | jose prado | Search

Judge: | Enter Judge Name

Filed In: | - Florida Southern District Court ▾

Type: | All Lawsuit types ▾

Show: | ⦿ All Case Filings
     | ○ Only Case Filings with Downloadable Opinions or Orders

Cases Filed: | ⦿ All Dates
           | ○ Between 1 ▾ Jan ▾ 2004 ▾ and 11 ▾ Mar ▾ 2014 ▾

## Cases by Type of Lawsuit

Civil Rights                    Other Statutes

## Cases filed in the Florida Southern District Court

Cases 1 - 10 of 61                    **View as Table**

### Prado v. Sailormen, Inc. et al
Filed: March 10, 2014 as 1:2014cv20900

**Defendant:** Sailormen, Inc., F & L Properties, LLC
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Housing/Accommodations

### Prado v. China Palace Restaurant, Inc. et al
Filed: March 10, 2014 as 1:2014cv20902

**Defendant:** China Palace Restaurant, Inc., Laura Hamilton TRS
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Housing/Accommodations

### Prado v. El Floridita Seafood Restaurant Corp. et al
Filed: January 23, 2014 as 1:2014cv20269

**Defendant:** B E Zoberg, Mae Eisman, Eugene Eisman and others
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Housing/Accommodations

### Prado v. The Silver Lining Distributor, Inc. et al
Filed: January 23, 2014 as 1:2014cv20270

**Defendant:** S E Prichason, B E Zoberg, Eugene Eisman and others

### Ask a Lawyer

**Question:**

Enter your question here. e.g., Do I need a bankruptcy lawyer?

Ask Question



### Connect with Justia

Follow JustiaCom

Like Justia

Justia
Like

145,875 people like Justia.



Facebook social plugin

### Find a Lawyer

Legal Issue or Lawyer Name

Fairport, NY                    Search

**Lawyers near Fairport, New York**

**Jeannie D. Michalski Esq.**
Criminal Law, Divorce, DUI & DWI, Family
Avon, NY

**Zev Goldstein**
Traffic Tickets, DUI & DWI, Criminal Law,
Monsey, NY

**Mark Michael Campanella**
Business Law, Collections, Consumer Law
Fairport, NY

**P. Adam Militello Esq.**
Criminal Law, DUI & DWI, Employment La
Rochester, NY

**Raymond Paul Sciarrino**
Criminal Law, DUI & DWI, Personal Injury
Mt. Morris, NY

See More Lawyers

**Lawyers - Get Listed Now!**
Get a free full directory profile listing



**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Housing/Accommodations

### Prado v. Maruchi, Corp. et al
Filed: January 22, 2014 as 1:2014cv20264
**Defendant:** Tropicaire Development, Inc., Nicholas M Daniels, Maruchi, Corp. and others
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Housing/Accommodations

### Prado v. The Sherwin-Williams Company et al
Filed: January 22, 2014 as 1:2014cv20263
**Defendant:** N Sylvan, Irving Lawrence , The Sherwin-Williams Company
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Housing/Accommodations

### Prado v. Tormac Corporation et al
Filed: January 15, 2014 as 1:2014cv20168
**Defendant:** Miriam C. Blanco , Tormac Corporation , Eric Blanco
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Housing/Accommodations

### Prado v. Casa Paco, Inc. et al
Filed: January 15, 2014 as 1:2014cv20169
**Defendant:** Aytana Properties, L.L.C., Casa Paco, Inc.
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Housing/Accommodations

### Prado v. La Carreta No. II, Inc. et al
Filed: January 15, 2014 as 1:2014cv20170
**Defendant:** La Carreta Holdings, L.L.C. , La Carreta No. II, Inc.
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Housing/Accommodations

### Prado v. RINCON ARGENTINO RESTAURANT, INC. et al
Filed: January 13, 2014 as 1:2014cv20129
**Defendant:** Cinco M's Corp , RINCON ARGENTINO RESTAURANT, INC.
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court

**Type:** Civil Rights > Housing/Accommodations

« prev | 1 | 2 | 3 | 4 | 5 | ... | next »

The Justia Federal District Court Filings & Dockets site republishes public litigation records retrieved from the US Federal District Courts. These filings and docket sheets should not be considered findings of fact or liability, and do not necessarily reflect the view of Justia.

© 2007-2013 Justia :: Company :: Terms of Service :: Privacy Policy :: Contact Us

Justia.com    Find a Lawyer    Legal Answers    Law    More ▾

Sign In

Enter Search Terms                    Search

Justia > Dockets & Filings > Dockets Search

**NEW - Receive Justia's FREE Daily Newsletters of Opinion Summaries** for the US Supreme Court, all US Federal Appellate Courts & the 50 US State Supreme Courts and Weekly Practice Area Opinion Summaries Newsletters. **Subscribe Now**

## Search for Cases

Party Name: | jose prado | | Search
Judge: | Enter Judge Name |
Filed In: | - Florida Southern District Court ▾ |
Type: | All Lawsuit types ▾ |
Show: | ● All Case Filings |
| ○ Only Case Filings with Downloadable Opinions or Orders |
Cases Filed: | ● All Dates |
| ○ Between 1 ▾ Jan ▾ 2004 ▾ and 11 ▾ Mar ▾ 2014 ▾ |

## Cases by Type of Lawsuit

Civil Rights                    Other Statutes

## Cases filed in the Florida Southern District Court

Cases 11 - 20 of 61                    View as Table

### Prado v. Sabor Latino Restuarant Corp et al
Filed: December 12, 2013 as 1:2013cv24480

**Defendant:** William Lee Lewis, Andrew L. Lewis, Sabor Latino Restuarant Corp
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Housing/Accommodations

### Prado v. Lejeune Road Jewelers Exchange Corp. II et al
Filed: December 12, 2013 as 1:2013cv24481

**Defendant:** Land 1(One), Ltd, Lejeune Road Jewelers Exchange Corp. II
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Housing/Accommodations

### Prado v. Century MarketPlace Cafe LLC
Filed: December 11, 2013 as 1:2013cv24461

**Defendant:** Century MarketPlace Cafe LLC
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Housing/Accommodations

### Prado v. Bhy-E Gluck, LLC
Filed: December 11, 2013 as 1:2013cv24460

**Defendant:** Bhy-E Gluck, LLC



## Ask a Lawyer

**Question:**

Enter your question here. e.g., Do I need a bankruptcy lawyer?

Ask Question



## Connect with Justia

Follow JustiaCom

Like Justia

Justia    Like

145,875 people like Justia.

Facebook social plugin



## Find a Lawyer

Legal Issue or Lawyer Name

Fairport, NY              Search

**Lawyers** near Fairport, New York

**P. Adam Militello Esq.**
Criminal Law, DUI & DWI, Employment La
Rochester, NY

**Raymond Paul Sciarrino**
Criminal Law, DUI & DWI, Personal Injury
Mt. Morris, NY

**Zev Goldstein**
Traffic Tickets, DUI & DWI, Criminal Law,
Monsey, NY

**Jeannie D. Michalski Esq.**
Criminal Law, Divorce, DUI & DWI, Family
Avon, NY

**Mark Michael Campanella**
Business Law, Collections, Consumer Law
Fairport, NY

See More Lawyers

**Lawyers - Get Listed Now!**
Get a free full directory profile listing

**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Housing/Accommodations

### Prado v. Rodan Enterprises, Inc. et al

Filed: December 2, 2013 as 1:2013cv24336
**Defendant:** Rodan Enterprises, LLC., Rodan Enterprises, Inc.
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Housing/Accommodations

### Prado v. Chef Tian Express, Inc. et al

Filed: November 21, 2013 as 1:2013cv24218
**Defendant:** Trust Property, LLC , Chef Tian Express, Inc.
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Housing/Accommodations

### Prado v. Big Game Investments, LLC et al

Filed: November 20, 2013 as 1:2013cv24208
**Defendant:** Pedro J Agudelo , Big Game Investments, LLC
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Housing/Accommodations

### Prado v. Homer Lee, Inc. et al

Filed: November 19, 2013 as 1:2013cv24189
**Defendant:** James Lee, Inc. , Homer Lee, Inc.
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Housing/Accommodations

### Prado v. Vivaldino, LLC et al

Filed: August 5, 2013 as 1:2013cv22791
**Defendant:** Battlecreek Properties, LLC, Vivaldino, LLC
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Civil Rights: Accommodations

### Prado v. RRJ HOLDINGS WIRELESS,LLC et al

Filed: August 5, 2013 as 1:2013cv22790
**Defendant:** RRJ HOLDINGS WIRELESS,LLC , RRJ Holdings, Inc.
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Civil Rights: Accommodations

The Justia Federal District Court Filings & Dockets site republishes public litigation records retrieved from the US Federal District Courts. These filings and docket sheets should not be considered findings of fact or liability, and do not necessarily reflect the view of Justia.

© 2007-2013 Justia :: Company :: Terms of Service :: Privacy Policy :: Contact Us

Justia.com     Find a Lawyer     Legal Answers     Law     More ▾                          Sign In

Enter Search Terms                              Search

Justia > Dockets & Filings > Dockets Search

**NEW - Receive Justia's FREE Daily Newsletters of Opinion Summaries** for the US Supreme Court, all US Federal Appellate Courts & the 50 US State Supreme Courts and Weekly Practice Area Opinion Summaries Newsletters. **Subscribe Now**

## Search for Cases

| | | |
|---|---|---|
| Party Name: | jose prado | Search |
| Judge: | Enter Judge Name | |
| Filed In: | - Florida Southern District Court ▾ | |
| Type: | All Lawsuit types ▾ | |
| Show: | ● All Case Filings | |
| | ○ Only Case Filings with Downloadable Opinions or Orders | |
| Cases Filed: | ● All Dates | |
| | ○ Between 1 ▾ Jan ▾ 2004 ▾ and 11 ▾ Mar ▾ 2014 ▾ | |

### Cases by Type of Lawsuit

Civil Rights                              Other Statutes

### Cases filed in the Florida Southern District Court

Cases 21 - 30 of 61                              **View as Table**

**Prado v. Cafe Demetrio, Inc.**
Filed: July 24, 2013 as 1:2013cv22647

**Defendant:** Cafe Demetrio, Inc.
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Civil Rights: Accommodations

**Prado v. For Smiles, LLC et al**
Filed: July 18, 2013 as 1:2013cv22588

**Defendant:** Esther Santana , For Smiles, LLC
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Civil Rights: Accommodations

**Prado v. Fortun Insurance, Inc.**
Filed: July 9, 2013 as 1:2013cv22420

**Defendant:** Fortun Insurance, Inc.
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Civil Rights: Accommodations

**Prado v. Domino's Pizza, LLC. et al**
Filed: July 9, 2013 as 1:2013cv22418

**Defendant:** Sevilla Associates, LLC , Domino's Pizza, LLC.

### Ask a Lawyer

**Question:**
Enter your question here. e.g., Do I need a bankruptcy lawyer?

Ask Question



### Connect with Justia

Follow JustiaCom

Like Justia

Justia
Like

145,869 people like Justia.

Facebook social plugin



### Find a Lawyer

Legal Issue or Lawyer Name

Fairport, NY                    Search

**Lawyers
near Fairport, New York**

**Jeannie D. Michalski Esq.**
Criminal Law, Divorce, DUI & DWI, Family
Avon, NY

**Zev Goldstein**
Traffic Tickets, DUI & DWI, Criminal Law,
Monsey, NY

**Mark Michael Campanella**
Business Law, Collections, Consumer Law
Fairport, NY

**P. Adam Militello Esq.**
Criminal Law, DUI & DWI, Employment La
Rochester, NY

**Raymond Paul Sciarrino**
Criminal Law, DUI & DWI, Personal Injury
Mt. Morris, NY

See More Lawyers

**Lawyers - Get Listed Now!**
Get a free full directory profile listing



**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Housing/Accommodations

### Prado v. JORGE EMILIO VAZQUEZ,PA et al
Filed: July 9, 2013 as 1:2013cv22417
**Defendant:** Souviron and Groh Dental Leaders, P.A. , JORGE EMILIO VAZQUEZ,PA
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Civil Rights: Accommodations

### Prado v. Gara Investment LLC
Filed: July 9, 2013 as 1:2013cv22419
**Defendant:** Gara Investment LLC
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Civil Rights: Accommodations

### Prado v. Villa Habana Food Services, Corp. et al
Filed: June 27, 2013 as 1:2013cv22285
**Defendant:** CREDO, LLC, Villa Habana Food Services, Corp.
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Civil Rights: Accommodations

### Prado v. Ferchaf L.L.C. et al
Filed: May 23, 2013 as 1:2013cv21827
**Defendant:** The Castaneda Family Limited Partnership, Ferchaf L.L.C.
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Civil Rights: Accommodations

### Prado v. Vieja Habana Corp et al
Filed: May 23, 2013 as 1:2013cv21826
**Defendant:** The Mile at Coral Way LLC , Vieja Habana Corp
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Civil Rights: Accommodations

### Prado v. Diner & Sushi Thai, Inc. et al
Filed: May 15, 2013 as 0:2013cv61098
**Defendant:** Judith Cox, Alexandra Elizabeth Hill, Diner & Sushi Thai, Inc. and others
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Civil Rights: Accommodations

« prev | 1 | 2 | 3 | 4 | 5 | 6 | 7 | next »

The Justia Federal District Court Filings & Dockets site republishes public litigation records retrieved from the US Federal District Courts. These filings and docket sheets should not be considered findings of fact or liability, and do not necessarily reflect the view of Justia.

© 2007-2013 Justia :: Company :: Terms of Service :: Privacy Policy :: Contact Us

Justia.com    Find a Lawyer    Legal Answers    Law    More ▾                                    Sign In

                                                                                                Search

Justia > Dockets & Filings > Dockets Search

**NEW - Receive Justia's FREE Daily Newsletters of Opinion Summaries** for the US Supreme Court, all US Federal Appellate Courts & the 50 US State Supreme Courts and Weekly Practice Area Opinion Summaries Newsletters. **Subscribe Now**

## Search for Cases

Party Name: | jose prado | | Search

Judge: |

Filed In: | - Florida Southern District Court |

Type: | All Lawsuit types |

Show: | ⦿ All Case Filings
       | ○ Only Case Filings with Downloadable Opinions or Orders

Cases Filed: | ⦿ All Dates
             | ○ Between 1 ▾ Jan ▾ 2004 ▾ and 11 ▾ Mar ▾ 2014 ▾

### Cases by Type of Lawsuit

Civil Rights                          Other Statutes

### Cases filed in the Florida Southern District Court

Cases 31 - 40 of 61                          RSS Feed | View as table

#### Prado v. Tee Jay of Dania, Inc. et al
Filed: May 15, 2013 as 0:2013cv61099

**Defendant:** Z Sureshbhai, Nitaben T Patel, Thakur J. Patel and others
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Civil Rights: Accommodations

#### Prado v. Koning Restaurants International, L.C. et al
Filed: May 14, 2013 as 0:2013cv61092

**Defendant:** Mutual of Hallandale II, LLC, Koning Restaurants International, L.C.
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Civil Rights: Accommodations

#### Prado v. New Golden Crown, Inc. et al
Filed: May 14, 2013 as 0:2013cv61093

**Defendant:** Shuk Kuen Au , New Golden Crown, Inc.
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Civil Rights: Accommodations

#### Prado v. Azteca Food Services, Inc.
Filed: May 13, 2013 as 0:2013cv61085

**Defendant:** Azteca Food Services, Inc.



### Ask a Lawyer

Question:

Ask Question



### Connect with Justia

Follow JustiaCom

Like Justia

Justia
Like

145,875 people like Justia.

Facebook social plugin



### Find a Lawyer

Search

Lawyers

Browse Lawyers

**Lawyers - Get Listed Now!**
Get a free full directory profile listing

**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Civil Rights: Accommodations

### Prado v. EL RANCHO 424, LLC
Filed: May 13, 2013 as 0:2013cv61084

**Defendant:** EL RANCHO 424, LLC
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Civil Rights: Accommodations

### Prado v. Executive Motors South et al
Filed: March 14, 2013 as 1:2013cv20926

**Plaintiff:** Jose Prado
**Defendant:** Executive Motors South, RJM Lejeune Properties Investments, Inc.
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Civil Rights: Accommodations

### Prado v. Christal Investments III, Inc. et al
Filed: March 13, 2013 as 1:2013cv20913

**Plaintiff:** Jose Prado
**Defendant:** Christal Investments III, Inc., Land 1 (One) Ltd.
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Civil Rights: Accommodations

### Prado v. Land 1 (One) Ltd.
Filed: March 13, 2013 as 1:2013cv20911

**Defendant:** Land 1 (One) Ltd.
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Civil Rights: Accommodations

### Prado v. Gustofino LLC. et al
Filed: August 14, 2012 as 1:2012cv22966

**Defendant:** Antonio Garcia, Gustofino LLC.
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Housing/Accommodations

### Prado v. Casuri Wireless Corp et al
Filed: June 26, 2012 as 1:2012cv22366

**Defendant:** El Zapo Enamorado Inc., MST Corporation , Casuri Wireless Corp
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Housing/Accommodations

« prev 1 2 3 4 5 6 7 next »

The Justia Federal District Court Filings & Dockets site republishes public litigation records retrieved from the US Federal District Courts. These filings and docket sheets should not be considered findings of fact or liability, and do not necessarily reflect the view of Justia.

© 2007-2013 Justia :: Company :: Terms of Service :: Privacy Policy :: Contact Us

Justia.com     Find a Lawyer     Legal Answers     Law     More ▾                    Sign In

Enter Search Terms                    Search

Justia > Dockets & Filings > Dockets Search

**NEW - Receive Justia's FREE Daily Newsletters of Opinion Summaries** for the US Supreme Court, all US Federal Appellate Courts & the 50 US State Supreme Courts and Weekly Practice Area Opinion Summaries Newsletters. **Subscribe Now**

## Search for Cases

Party Name: | jose prado | Search
Judge: | Enter Judge Name |
Filed In: | - Florida Southern District Court |
Type: | All Lawsuit types |
Show: | ⦿ All Case Filings
 | ○ Only Case Filings with Downloadable Opinions or Orders
Cases Filed: | ⦿ All Dates
 | ○ Between 1 / Jan / 2004 and 11 / Mar / 2014

## Cases by Type of Lawsuit

Civil Rights                    Other Statutes

## Cases filed in the Florida Southern District Court

Cases 41 - 50 of 61                                        View as Table

### Prado v. Miami Bakery, Inc. et al
Filed: June 14, 2012 as 1:2012cv22237

**Plaintiff:** Jose Prado
**Defendant:** Miami Bakery, Inc. , Aroldo C. Alvarez , Carmen E. Alvarez
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Housing/Accommodations

### Prado v. Value Hot Dogs Limited Corp et al
Filed: June 11, 2012 as 1:2012cv22182

**Defendant:** Value Hot Dogs Limited Corp
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Housing/Accommodations

### Prado v. Jenny's Liquors & Wines Corp et al
Filed: June 11, 2012 as 1:2012cv22187

**Defendant:** Roseanne Weiss Dounn , Jenny's Liquors & Wines Corp , Jennie Weiss Kimmel
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Housing/Accommodations

### Prado v. Premiere Market et al
Filed: June 5, 2012 as 1:2012cv22094



**Ask a Lawyer**

Question:
Enter your question here. e.g., Do I need a bankruptcy lawyer?

Ask Question



**Connect with Justia**

Follow JustiaCom

Like Justia

Justia
Like

145,875 people like Justia.

Facebook social plugin



**Find a Lawyer**

Legal Issue or Lawyer Name

City, State                    Search

Lawyers

Browse Lawyers

**Lawyers - Get Listed Now!**
Get a free full directory profile listing

**Plaintiff:** Jose Prado
**Defendant:** Premiere Market Inc., Heriberto Verde
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Housing/Accommodations

## Prado v. Super Buffet Bakery, Inc. et al
Filed: May 17, 2012 as 1:2012cv21871
**Defendant:** Super Buffet Bakery, Inc. , Carrillo Brothers Corp, Yesenia Corporation and others
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Housing/Accommodations

## Prado v. Pinivi Corp et al
Filed: May 17, 2012 as 1:2012cv21863
**Plaintiff:** Jose Prado
**Defendant:** Pinivi Corp , Fedea, Inc.
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Housing/Accommodations

## Prado v. Karina Supermarket Inc. et al
Filed: May 17, 2012 as 1:2012cv21872
**Plaintiff:** Jose Prado
**Defendant:** Karina Supermarket Inc., Matanzas Shopping Center, Inc
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Housing/Accommodations

## Jose Prado v. El Zapo Enamorado Inc. et al
Filed: May 15, 2012 as 1:2012cv21820
**Plaintiff:** Jose Prado
**Defendant:** El Zapo Enamorado Inc. , 2027 Inc.
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Housing/Accommodations

## Prado v. Guines Market, Inc. et al
Filed: May 15, 2012 as 1:2012cv21823
**Plaintiff:** Jose Prado
**Defendant:** Guines Market, Inc. , JMG Global Holding, LLC
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Housing/Accommodations

## Prado v. Absolute Cigar Shop, Inc. et al
Filed: December 1, 2011 as 1:2011cv24325
**Plaintiff:** Jose Prado
**Defendant:** Absolute Cigar Shop, Inc., City Center Properties, LLC
**Cause Of Action:** Americans with Disabilities Act

**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Housing/Accommodations

« prev | 1 | 2 | 3 | 4 | 5 | 6 | 7 | next »

The Justia Federal District Court Filings & Dockets site republishes public litigation records retrieved from the US Federal District Courts. These filings and docket sheets should not be considered findings of fact or liability, and do not necessarily reflect the view of Justia.

© 2007-2013 Justia :: Company :: Terms of Service :: Privacy Policy :: Contact Us

Justia.com      Find a Lawyer      Legal Answers      Law      More ▾                                      Sign In

Enter Search Terms                              Search

Justia > Dockets & Filings > Dockets Search

**NEW - Receive Justia's FREE Daily Newsletters of Opinion Summaries** for the US Supreme Court, all US Federal Appellate Courts & the 50 US State Supreme Courts and Weekly Practice Area Opinion Summaries Newsletters. **Subscribe Now**

## Search for Cases

Party Name: | jose prado | | Search
Judge: | Enter Judge Name |
Filed In: | - Florida Southern District Court |
Type: | All Lawsuit types |
Show: | ◉ All Case Filings
| ○ Only Case Filings with Downloadable Opinions or Orders
Cases Filed: | ◉ All Dates
| ○ Between 1 ▾ Jan ▾ 2004 ▾ and 11 ▾ Mar ▾ 2014 ▾

## Cases by Type of Lawsuit

Civil Rights                              Other Statutes

## Cases filed in the Florida Southern District Court

Cases 51 - 60 of 61                                          View as Table

### Prado v. Joe & Gaby Enterprises, LLC et al

Filed: December 1, 2011 as 1:2011cv24324

**Plaintiff:** Jose Prado

**Defendant:** Joe & Gaby Enterprises, LLC , City Center Properties, LLC

**Cause Of Action:** Americans with Disabilities Act

**Court:**Eleventh Circuit > Florida > Florida Southern District Court

**Type:**Civil Rights > Housing/Accommodations

### Prado v. Sett 60, LLC et al

Filed: December 1, 2011 as 1:2011cv24322

**Plaintiff:** Jose Prado

**Defendant:** Sett 60, LLC , City Center Properties, LLC

**Cause Of Action:** Americans with Disabilities Act

**Court:**Eleventh Circuit > Florida > Florida Southern District Court

**Type:**Civil Rights > Housing/Accommodations

### Prado v. Chandi Liquors, LLC et al

Filed: December 1, 2011 as 1:2011cv24323

**Plaintiff:** Jose Prado

**Defendant:** Chandi Liquors, LLC , City Center Properties, LLC

**Cause Of Action:** Americans with Disabilities Act

**Court:**Eleventh Circuit > Florida > Florida Southern District Court

**Type:**Civil Rights > Housing/Accommodations

### Prado v. The Munchies at Brickell, Inc. et al

Filed: November 22, 2011 as 1:2011cv24218

**Plaintiff:** Jose Prado



**Ask a Lawyer**

Question:

Enter your question here. e.g., Do I need a bankruptcy lawyer?

Ask Question



**Connect with Justia**

Follow JustiaCom

Like Justia

Justia    Like

145,875 people like Justia.

Facebook social plugin



**Find a Lawyer**

Legal Issue or Lawyer Name

Fairport, NY                    Search

Lawyers near Fairport, New York

**P. Adam Militello Esq.**
Criminal Law, DUI & DWI, Employment La
Rochester, NY

**Raymond Paul Sciarrino**
Criminal Law, DUI & DWI, Personal Injury
Mt. Morris, NY

**Jeannie D. Michalski Esq.**
Criminal Law, Divorce, DUI & DWI, Family
Avon, NY

**Zev Goldstein**
Traffic Tickets, DUI & DWI, Criminal Law,
Monsey, NY

**Mark Michael Campanella**
Business Law, Collections, Consumer Law
Fairport, NY

See More Lawyers

**Lawyers - Get Listed Now!**
Get a free full directory profile listing

**Defendant:** The Munchies at Brickell, Inc., Goldenberg Investment Group, Inc.
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Housing/Accommodations

### Prado v. Tinta y Cafe, Inc. et al
Filed: November 22, 2011 as 1:2011cv24219
**Plaintiff:** Jose Prado
**Defendant:** Tinta y Cafe, Inc., Toscana Holdings, LLC
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Housing/Accommodations

### Prado v. Sushi Sake Brickell, Inc. et al
Filed: November 22, 2011 as 1:2011cv24215
**Plaintiff:** Jose Prado
**Defendant:** Sushi Sake Brickell, Inc., South Florida Centers, LLC
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Housing/Accommodations

### Prado v. Anyelo, Corp et al
Filed: November 22, 2011 as 1:2011cv24214
**Plaintiff:** Jose Prado
**Defendant:** Anyelo, Corp, Brickell Station Partners, LLC
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Housing/Accommodations

### Prado v. Peppers Burrito Grill Brickell LLC et al
Filed: November 22, 2011 as 1:2011cv24217
**Defendant:** South Florida Centers, LLC , Peppers Burrito Grill Brickell LLC
**Plaintiff:** Jose Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Housing/Accommodations

### Prado v. Government Discount, Inc. et al
Filed: September 15, 2011 as 1:2011cv23352
**Plaintiff:** Jose A. Prado
**Defendant:** Government Discount, Inc. , Hayday, Inc.
**Cause Of Action:** Americans with Disabilities Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court
**Type:**Civil Rights > Housing/Accommodations

### Panama Power Reserve Corporation et al v. Colpower, S.A. et al
Filed: September 15, 2011 as 1:2011cv23353
**Defendant:** Timothy D. Richards, Humberto Cardenas Parra, Roland Araque Carvajal
and others
**Plaintiff:** David P. Franjoine , Dennis M. Franjoine , Robert Zuchlewski and others
**Cause Of Action:** Racketeering (RICO) Act
**Court:**Eleventh Circuit > Florida > Florida Southern District Court

**Type:** Other Statutes > Racketeer Influenced and Corrupt Organizations

« prev ... 2 3 4 5 6 7 next »

The Justia Federal District Court Filings & Dockets site republishes public litigation records retrieved from the US Federal District Courts. These filings and docket sheets should not be considered findings of fact or liability, and do not necessarily reflect the view of Justia.

© 2007-2013 Justia :: Company :: Terms of Service :: Privacy Policy :: Contact Us

Cases filed in the Florida Southern District Court between January 1, 2004 and March 12, 2014 :: Justia Dockets & Filings    Page 1 of

Case 1:15-cv-24381-UU  Document 31  Entered on FLSD Docket 03/31/2014  Page 169 of 175

Justia.com    Find a Lawyer    Legal Answers    Law    More ▾                                    Sign In

                                                          Enter Search Terms              **Search**

Justia > Dockets & Filings > Dockets Search

**NEW** - Receive Justia's FREE Daily Newsletters of **Opinion Summaries** for the US Supreme Court, all US Federal Appellate Courts & the 50 US State Supreme Courts and Weekly Practice Area Opinion Summaries Newsletters. **Subscribe Now**

## Search for Cases

| | | |
|---|---|---|
| Party Name: | jose prado | Search |
| Judge: | Enter Judge Name | |
| Filed In: | - Florida Southern District Court | |
| Type: | All Lawsuit types | |
| Show: | ● All Case Filings | |
| | ○ Only Case Filings with Downloadable Opinions or Orders | |
| Cases Filed: | ○ All Dates | |
| | ● Between  1 ▾  Jan ▾  2004 ▾  and  12 ▾  Mar ▾  2014 ▾ | |

## Cases by Type of Lawsuit

Civil Rights                          Other Statutes

## Cases filed in the Florida Southern District Court between January 1, 2004 and March 12, 2014

Cases 61 - 61 of 61                                    View as Table

### Prado v. Miami Wireless Depot, Inc. et al
Filed: September 14, 2011 as 1:2011cv23327

**Defendant:** Miami Wireless Depot, Inc., BUD 1801, LLC
**Plaintiff:** Jose A. Prado
**Cause Of Action:** Americans with Disabilities Act
**Court:** Eleventh Circuit > Florida > Florida Southern District Court
**Type:** Civil Rights > Housing/Accommodations

« prev  …  3  4  5  6  7  next »

### Ask a Lawyer

**Question:**
Enter your question here. e.g., Do I need a bankruptcy lawyer?

Ask Question

### Connect with Justia

Follow JustiaCom

Like Justia

Justia        Like
JUSTIA

145,906 people like Justia.

Facebook social plugin

### Find a Lawyer

Legal Issue or Lawyer Name

Hialeah, FL        Search

**Lawyers
near Hialeah, Florida**

**Philip M. Gerson**
Maritime, Medical Malpractice, Nursing Ho
Miami, FL

**Marisol Gomez-Decena**
Business Law, Insurance Claims, Maritime
Coral Gables, FL

**Nicole Armstrong**
Construction Law, Elder Law, Maritime, M
Miami, FL

**Patrick Vilar**
Family Law, Divorce, Arbitration & Mediat
Miami, FL

**Marti D. Louden**



Arbitration & Mediation, Business Law, Di
Coral Gables, FL

See More Lawyers

**Lawyers - Get Listed Now!**
Get a free full directory profile listing

The Justia Federal District Court Filings & Dockets site republishes public litigation records retrieved from the US Federal District Courts. These filings and docket sheets should not be considered findings of fact or liability, and do not necessarily reflect the view of Justia.

© 2007-2013 Justia :: Company :: Terms of Service :: Privacy Policy :: Contact Us

Business owners believe some ADA lawsuits simply about money | News - Home                    Page 1 of ...

Case 1:13-cv-24385-UU   Document 31   Entered on FLSD Docket 03/31/2014   Page 171 of 175



NCAA Selection
Sunday: cookbook

**77°** Miami
Overcast

Home | News | Weather/Traffic | Sports | Entertainment | Adopt a Pet | Top 16 | Restaurant Insp. | That's Life | Contests | Local

More Local News | Investigates | U.S./World | Video | Politics | Money | Slideshows | Education | Blogs | Mugshots | Sex Offenders | Seen on Local 10

Home › News

# Business owners believe some ADA lawsuits simply about money

Jose Prado has filed 41 federal lawsuits claiming violations of of Americans with Disabilities Act since 2011

Author: Ben Candea, Senior Web Producer, bcandea@local10.com
Ross Palombo, Reporter, rpalombo@Local10.com

Print | Email      Recommend | Share | 0 | 0 | 0      Tweet | 0



0:00 / 5:42

ADA lawsuits about problems or money?

**MIAMI** - A handicapped man has filed 20 lawsuits this year against businesses claiming discrimination based on disability, but some believe he's simply trying to shake them down.

Jose Prado filed suit against Golden Crown Chinese Restaurant in Hollywood, claiming discrimination based on disability and alleging 25 violations of the Americans with Disabilities Act (ADA).



"It's hard for me to pay this," said Lei Shi with Golden Crown Chinese Restaurant. "If they ask that much, I can't pay. I have to close this place."

The suit lists six problems in the parking lot, five in the dining room, and fourteen in the restroom.

"Yeah, well, if our lawyer says we need to make some changes, we will," said restaurant manager Tony Marucci.

The restaurant's lawyers soon said there was a settlement offer that asked for changes to the restaurant and lawyer's fees.

## Local 10 Investigates



**Local 10 Investigates**
The latest stories from Local 10's investigative team.

### Most Popular on Local10

Articles | Slideshows | Videos

- World's 'selfie' capitals include Miami
- Satellite finds 'suspected crash area'
- Over 1000 rodent droppings found in restaurant
- Woman shot dead near preschool
- 22-pound cat traps family in bedroom
- Building collapse kills at least 3 in NYC

View More



**HONDA** LIKE
**Click Here** For Incredible Offers From Your South Florida Honda Dealers!
South Florida Honda Dealers



**Opening Night Tickets $16!**

Cristiano Ronaldo Pays For A 10-Month-Old Boy's $83,000 Brain...

Search for missing Malaysian plane expands; China says satell...

9 Things Successful People Do Right Before Bed

"They ask for $9,000," said Shi  "That's a lot of money."

Records say Prado has filed 20 lawsuits alleging discrimination against other restaurants -- including Dominos and Pizza Hut -- and motels, inns and a wireless company.

In 2012, he filed 11 cases; in 2011, he filed 10.

"Can you tell me what's going on with all the lawsuits?" Local 10's Ross Palombo asked Prado after finding him at his gym.

"These are places that I like to visit frequently," Prado replied. "If they're not up to par, I'm just having them fix up the establishments that I would be able to get in."

Prado said he is paralyzed from the waist down after a car crash. He said getting legally-guaranteed access for his van and wheelchair is difficult.

"Well, why don't you just ask them to fix it and not file a lawsuit?" asked Palombo.

"I'm not filing  I'm just," said Prado.

"You've filed twenty this year, sir," replied Palombo.

"I know. That's so they can fix it," said Prado.

Several who have been sued, including the owners of an insurance company and a dental office, admitted there may be accessibility issues, but said Prado had never been there before.

"He was never here," said Hector Fortun with Fortun Insurance. "It's surprising someone in a wheelchair would try to profit from his disability."

Prado denied the allegation.

"Look at me. Do I look like the type of person that's going around shaking a person," he said. "I don't do it for no glory. I just want them to fix it up."



Prado's attorney, Ron Stern, said his client doesn't receive money from the settlement, which goes toward court costs, experts, and attorney fees.

"How much money do you make from this?" asked Palombo.

"I can't talk about that. That's my income," answered Stern.

"Golden Chinese, they say you tried to settle for $9,000 in attorney fees. Is that correct?" said Palombo.

Stern said it wasn't correct, but didn't say how much the settlement offer was.

1   2

## Comments

The views expressed are not those of this company or its affiliated companies. Please note by clicking on "Post" you acknowledge that you have read the Terms Of Service and the comment you are posting is in compliance with such terms





EXHIBIT

6

Justia.com    Find a Lawyer    Legal Answers    Law    More ▾                                    Sign In

Enter Search Terms                                    **Search**

Justia  >  Dockets & Filings  >  Second Circuit  >  New York  >  New York Southern District Court  >  Huerta-Ibarra v. Dining Entertainment Group LLC et al

**NEW - Receive Justia's FREE Daily Newsletters of Opinion Summaries** for the US Supreme Court, all US Federal Appellate Courts & the 50 US State Supreme Courts and Weekly Practice Area Opinion Summaries Newsletters. **Subscribe Now**

# Huerta-Ibarra v. Dining Entertainment Group LLC et al

| | |
|---|---|
| **Plaintiff:** | Heder Roman Huerta-Ibarra |
| **Defendant:** | Dining Entertainment Group LLC, First Avenue Brother Jimmys LLC, Amsterdam Avenue Brother Jimmys LLC, Jambalaya Jazz LLC and Josh Lebowitz |

| | |
|---|---|
| **Case Number:** | 1:2014cv01272 |
| **Filed:** | February 26, 2014 |

| | |
|---|---|
| **Court:** | New York Southern District Court |
| **Office:** | Foley Square Office |
| **County:** | Kings |
| **Presiding Judge:** | Katherine Polk Failla |

| | |
|---|---|
| **Nature of Suit:** | Fair Labor Standards Act |
| **Cause of Action:** | 28:1331 |
| **Jury Demanded By:** | None |

## Access additional case information on PACER

Use the links below to access additional information about this case on the US Court's PACER system. A subscription to PACER is required.

Access this case on the New York Southern District Court's Electronic Court Filings (ECF) System

- Search for Party Aliases
- Associated Cases
- Attorneys
- Case File Location
- Case Summary
- Docket Report
- History/Documents
- Parties
- Related Transactions
- Check Status

## Search for this case: Huerta-Ibarra v. Dining Entertainment Group LLC et al

Search Blogs      [ Justia BlawgSearch | Google Blogsearch ]

Search News

### Ask a Lawyer

**Question:**

Enter your question here. e.g., Do I need a bankruptcy lawyer?

Ask Question

### Connect with Justia

Follow JustiaCom

Like Justia



Justia      Like

146,518 people like Justia.

  

Facebook social plugin

### Find a Lawyer

Legal Issue or Lawyer Name

New York                    Search

**Lawyers in New York**


**Jules Martin Haas**
Business Law, Estate Planning, Landlord
New York, NY


**Abby Pendleton Esq.**
Health Care Law
New York, NY

**Leicia Grant**
Civil Rights, Construction Law, Employme
White Plains, NY

**Darnley D. Stewart**
Business Law, Civil Rights, Employment L
New York, NY

**Jessica Kiely**